# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER M. SHUKH,<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY, LLC,<br>SEAGATE TECHNOLOGY, INC.,<br>SEAGATE TECHNOLOGY, and<br>UNKNOWN OWNERS AND<br>ASSIGNEES,<br><br>Defendants. | Civil No. 10-404 (JRT/JJK)<br><br><br><br>**ORDER DENYING<br>LEAVE TO FILE<br>MOTION TO RECONSIDER** |

Constantine John Gekas and John C. Gekas, **GEKAS LAW, LLP**, 11 South LaSalle Street, Suite 1700, Chicago, IL 60603; James H. Kaster, Katherine M. Vander Pol, and Sarah W. Steenhoek, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

Calvin L. Litsey, Chad Drown, Jeya Paul, Charles F. Knapp, Elizabeth Cowan Wright, and David J.F. Gross, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendants.

Pending before the Court is plaintiff Alexander M. Shukh's request for leave to move for reconsideration of Part B.1 of this Court's March 30, 2011 Order. (Docket No. 140.) That Order addressed Shukh's standing to correct inventorship on grounds of ownership under 35 U.S.C. § 256. (Docket No. 171.) A motion to reconsider under Local Rule 7.1(h) is granted "only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(h); *see Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001). A motion to reconsider should not be employed to relitigate

old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1347-1348 (D. Minn. 1993) (noting that granting leave to file a motion for reconsideration is warranted when evidence has been admitted or excluded improperly, evidence has been newly discovered, or improper actions of counsel have affected the outcome of the case).

Shukh argues that the recent United States Supreme Court case, *Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 131 S. Ct. 2188 (2011), calls into question this Court's reliance on *FilmTec Corp. v. Allied-Signal, Inc.*, 939 F.2d 1568, 1573 (Fed. Cir. 1991). This Court applied *FilmTec* and its progeny to rule that Shukh did not have standing to pursue correction of inventorship on the grounds of ownership because his 1997 Employment Agreement automatically assigned ownership of his future inventions to Seagate. (Order at 12, Docket No. 140.) Shukh notes that Justice Breyer's dissent in *Stanford*, which was joined by Justice Ginsberg, criticizes *FilmTec* as relying on "slight linguistic differences in the contractual language . . . mak[ing] too much of too little" to find that an assignment has been made automatically. *Stanford*, 131 S. Ct. at 2202-03 (Breyer, J., dissenting). Shukh also points to Justice Sotomayor's concurrence, in which she states that she shares Justice Breyer's concerns about the Federal Circuit's holding in *FilmTec*. *Id.* at 2199 (Sotomayor, J., concurring).

Whether *FilmTec* will eventually be overturned or modified is immaterial to Shukh's claims: the law remains that "[i]f the contract expressly grants rights in future inventions, no further act is required once an invention comes into being, and the transfer

of title occurs by operation of law." *DDB Tech., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (alterations and internal quotation marks omitted) (citing *FilmTec*, 939 F.2d at 1573). The Court determined that Shukh's employment agreement created a present, automatic assignment of Shukh's ownership rights in his inventions. (Order at 12.) This Court has no authority to create a new rule of law based on a dissent in a Supreme Court decision, and no new facts have been proffered calling into question the Court's prior determination. Because Shukh has not shown "compelling circumstances" requiring the Court to reconsider its March 30, 2011 Order, the Court denies Shukh's request for leave to file a motion to reconsider. *See* D. Minn. L.R. 7(h).

Based upon all the files, records and proceedings herein **IT IS HEREBY ORDERED** that Shukh's request for leave to file a motion for reconsideration [Docket No. 171] is **DENIED**.

DATED: July 18, 2011  
at Minneapolis, Minnesota.

                                                _____s/ John R. Tunheim_____  
                                                JOHN R. TUNHEIM  
                                                United States District Judge