## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER M. SHUKH, | Civil No. 10-404 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND** |
| | **ORDER DENYING** |
| SEAGATE TECHNOLOGY, LLC, | **MOTION TO CERTIFY** |
| SEAGATE TECHNOLOGY, INC., | **INTERLOCUTORY APPEAL** |
| SEAGATE TECHNOLOGY, and | |
| UNKNOWN OWNERS AND | |
| ASSIGNEES, | |
| Defendants. | |

Constantine John Gekas and John C. Gekas, **GEKAS LAW, LLP**, 11 South LaSalle Street, Suite 1700, Chicago, IL 60603; and James H. Kaster, Katherine M. Vander Pol, and Sarah W. Steenhoek, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff/counter defendant.

Calvin L. Litsey, Chad Drown, Jeya Paul, Charles F. Knapp, Elizabeth Cowan Wright, and David J.F. Gross, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendants.

## INTRODUCTION

Plaintiff Alexander M. Shukh ("Shukh") filed this action against defendant Seagate Technology ("Seagate"), alleging thirteen claims arising out of Shukh's employment with and termination by Seagate. This Court dismissed six of Shukh's claims, and another was dismissed by stipulation, leaving Shukh with six surviving claims, including a claim for correction of inventorship under 35 U.S.C. § 256. (Docket

Nos. 40, 140.)   Prior to filing this motion, Shukh requested leave to file a motion for reconsideration regarding the Court's analysis of his correction of inventorship claim. (Docket No. 171.)   That request for leave was denied by this Court in an order dated July 18, 2011.  (Docket No. 191.)  Shukh now moves to amend this Court's order dated March 30, 2011 to certify for interlocutory appeal on this same issue.  (Docket No. 179.) Because Shukh's motion fails to meet the criteria requisite for an interlocutory appeal, the Court denies Shukh's Motion to Certify Interlocutory Appeal.

## ANALYSIS

Pending before the Court is Shukh's Motion to Amend this Court's March 30, 2011 Memorandum Opinion (Docket No. 140) to Certify Interlocutory Appeal under 28 U.S.C. § 1292(b).  (Docket No. 179.)  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

"A party seeking an interlocutory appeal must therefore establish that (1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation."  *Fenton v. Farmers Ins. Exch.*, No. 07-4864, 2010 WL 1006523, at *1 (D. Minn. Mar. 16, 2010).  A motion for certification of interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is

warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994); *see also Union Cnty. v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (interlocutory review is appropriate only in extraordinary cases).

Plaintiff states his question for appeal under § 1292(b) as follows:

> Whether the rule of *FilmTec Corp. v. Allied Signal, Inc.*, 939 F.2d 1568, 1573 (Fed. Cir. 1991) and its progeny should be reconsidered, and it be determined that Plaintiff Alexander M. Shukh may claim an ownership interest in the inventions and patents in suit, and, upon those grounds, that he has standing under 35 U.S.C. [§] 256 to seek correction of those patents on the grounds of his alleged inventorship.

(Docket No. 180 at 31.)  Under 35 U.S.C. § 256, federal courts may order the correction of the named inventor on a patent, provided the "error arose without any deceptive intention" on the inventor's part.  35 U.S.C. § 256.  In order to bring a claim for the correction of inventorship, the plaintiff must have standing as determined by federal law. *DDB Tech., LLC, v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 (Fed. Cir. 2008). Standing may be based on a showing that the plaintiff has an ownership interest or a concrete financial interest in the disputed patent.  *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1324-26 (Fed. Cir. 2009).   Standing may also be based on the plaintiff's reputational interest in the disputed patent.  (Docket No. 140 at 14-15.)

This Court analyzed Shukh's standing on his claim for correction of inventorship in the March 30 Order.  (Docket No. 140 at 9-15.)  Seagate had challenged Shukh's standing to challenge inventorship on grounds that he had no ownership or financial rights in the patents, because Shukh had signed an employment agreement assigning to Seagate his rights in any patents resulting from his inventions while employed by

Seagate.  (*Id.* at 10.)  Seagate also argued that reputational interests cannot be a basis for standing.  (*Id.*)  In order to determine whether the employment agreement's patent assignment clause was automatic or merely an obligation to assign, the Court relied on the holdings of *FilmTec* and its progeny.  (Docket No. 140 at 11-12.)  The Court compared the terms of Shukh's assignment clause to very similar language interpreted by the Federal Circuit in *DDB Tech.*, a case following *FilmTec*.  (*Id.* at 11-12.)  Because the assignment provision in the employment agreement was written in the present tense, the Court held that it created an automatic assignment of Shukh's ownership interest in the patents.  (*Id.* at 12.)  Therefore, Shukh could not derive standing from an ownership interest because that interest had been assigned to Seagate.  (*Id.*)  However, this ruling did not deprive Shukh of standing on the correction of inventorship claim, because the Court held that Shukh had standing based on a reputational interest.  (*Id.* at 15.)  There is no indication from the terms of § 256, case law, or Shukh's argument that the remedy differs depending on the type of standing achieved; the statute merely provides for correction of the named inventor on a patent.  *See* 35 U.S.C. § 256.

Despite the ruling in favor of Shukh on the inventorship claim, Shukh now challenges the Court's reasoning in reaching its decision that Shukh has standing.  Shukh argues that the Supreme Court's recent decision in *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.,* 131 S. Ct. 2188 (2011), questioned the continuing validity of *FilmTec*.  In support of that argument, Shukh points to three references to *FilmTec* in the *Stanford* opinion, concurrence, and dissent. *Stanford*, 131 S. Ct. at 2194 n.2; 131 S. Ct. at 2199 (Sotomayor, J., concurring); 131 S. Ct at 2202-04 (Breyer, J.,

dissenting).  These references state that the Federal Circuit's interpretation of assignment agreements was not at issue in *Stanford*, but the "majority opinion . . . permit[s] consideration of these arguments [regarding the construction of assignment language] in a future case."  *Stanford*, 131 S. Ct. at 2199 (Sotomayor, J., concurring).  Shukh argues that, for this reason, the Court should certify the issue for appeal to be decided by the Federal Circuit.  (Docket No. 180 at 3.)  Shukh contends that if *FilmTec* were overruled, the terms of his employment agreement would not have automatically assigned his rights in the patent, but would be considered merely a promise to assign his rights.  (*Id.* at 22.) Under that interpretation, Shukh believes that he would have ownership standing to correct inventorship.  (*Id.* at 14-15.)

In determining whether to certify an interlocutory appeal, the Court first decides whether there is a controlling question of law.  28 U.S.C. § 1292(b).  The Second Circuit has held that if there is an alternative basis for an order, the basis challenged on appeal is not "controlling."  *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86, 95 (2d Cir. 2004).  In this case, only the correction of inventorship claim rested on this Court's analysis of the assignment agreement pursuant to *FilmTec* and its progeny.  (Docket No. 140 at 9-15.)  Even if the Federal Circuit Court of Appeals found that Shukh does, indeed, have an ownership interest in the patent, it would not affect this Court's holding that Shukh has standing to pursue his claim for correction of inventorship.  Therefore, the question of law Shukh seeks to certify is not "controlling" because the Court had an alternative basis for its Order.

The second issue is whether there is substantial ground for difference of opinion as to the question of law.  28 U.S.C. § 1292(b).  "If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal."  *Brown v. Mesirow Stein Real Estate,* 7 F. Supp. 2d 1004, 1008 (N.D. Ill. 1998).   Controlling Federal Circuit precedent states that "[i]f the contract expressly grants rights in future inventions, no further act is required once an invention comes into being, and the transfer of title occurs by operation of law." (Docket No. 191 at 2-3 (quoting *DDB Tech.,* 517 F.3d at 1290).)   This Court found that the language in Shukh's employment agreement was "almost identical" to the language interpreted by the Federal Circuit in *DDB Tech*.  (Docket No. 140 at 12.)  There is little doubt that this Court's interpretation of the assignment agreement is consistent with the Federal Circuit's cases following *FilmTec*.

Additionally, Shukh has the burden of establishing that there is a difference of opinion among courts.  *See Fenton*, No. 07-4864, 2010 WL 1006523, at *2.  Shukh rests his argument primarily on the *Stanford* decision.  (Docket No. 180 at 11-14, 16-17.) However, the vague criticism levied on *FilmTec* was in Justice Breyer's dissent, which acknowledged that the dissent's "views are tentative . . . because the parties have not fully argued these matters."  *Stanford*, 131 S. Ct. at 2204 (Breyer, J., dissenting).  Even if those views were fully formed against *FilmTec's* holding, the dissent does not carry precedential weight.  Shukh further supplements his argument with citations to treatises and cases decided long before *FilmTec,* and the most recent decisions cited were made by state courts.  (*See* Docket No. 180 at 16-22.)  These sources lack precedential value for

the present action.  Therefore, the Federal Circuit's line of cases following *FilmTec* remain controlling law on which there is no substantial ground for difference of opinion.

Certification under § 1292(b) also requires that an immediate appeal materially advance the ultimate termination of litigation.  28 U.S.C. § 1292(b).  "When litigation will be conducted in substantially the same manner regardless of [the circuit court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."  *White*, 43 F.3d at 378-79.  Because the Court has allowed the correction of inventorship claim to move forward, the litigation would likely be conducted in "substantially the same manner" regardless of the outcome of an interlocutory appeal.

The Court finds that Shukh has failed to satisfy all three of the requirements for certification of interlocutory appeal under § 1292(b).  For the foregoing reasons, the Court denies Shukh's Motion to Certify Interlocutory Appeal.

## ORDER

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Certify Interlocutory Appeal [Docket No. 179] is **DENIED**.

DATED:  October 18, 2011                          s/ John N. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                   United States District Judge