# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER M. SHUKH, | Civil No. 10-404 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| SEAGATE TECHNOLOGY, LLC, SEAGATE TECHNOLOGY, INC., SEAGATE TECHNOLOGY, and UNKNOWN OWNERS AND ASSIGNEES, | |
| Defendant. | |

Constantine John Gekas and John C. Gekas, **GEKAS LAW, LLP**, 11 South LaSalle Street, Suite 1700, Chicago, IL 60603; and James H. Kaster, Katherine M. Vander Pol, and Sarah W. Steenhoek, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

Chad Drown, Calvin L. Litsey, Elizabeth Cowan Wright, Joseph A. Herriges, David J. F. Gross, and Jeya Paul, Charles F. Knapp, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendants.

Plaintiff Alexander M. Shukh filed this action against defendants Seagate Technology, LLC, Seagate Technology, Inc., and Seagate Technology (collectively "Seagate"), alleging claims arising out of Seagate's employment and termination of Shukh. Seagate counterclaimed against Shukh for breach of the parties' employment agreement, conversion, and replevin. Seagate's claims arise out of Shukh's duplication

and retention of over 49,000 documents owned by Seagate.  Shukh moves to dismiss the counterclaims.  Seagate moves for summary judgment on all of its counterclaims, or, in the alternative, for a preliminary injunction on the breach of contract counterclaim or for the return of documents pursuant to the Court's inherent authority.  Because there is no material issue of fact as to Shukh's breach of the document return provision of the employment agreement, the Court will grant Seagate's motion for summary judgment as to the breach of contract claim.  The Court will grant Shukh's motion to dismiss as to the conversion and replevin counterclaims because the heart of those claims lies in the breach of contract claim.  The Court will deny the remaining motions made by Shukh and Seagate.

## BACKGROUND

Shukh worked at Seagate from around September 15, 1997 until sometime after he was notified of his termination on January 14, 2009, to be effective March 16, 2009. (Am. Compl. ¶¶ 33, 34, April 7, 2010, Docket No. 7.)  Shukh signed an agreement entitled At-Will Employment, Confidential Information and Invention Assignment Agreement on September 15, 1997.  (Am. Compl., Ex. 1.)  Seagate alleges Shukh breached the following provision of the agreement:

> Returning Company Documents: I agree that, at the time of leaving the employ of the Company, I will deliver to the Company (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, software, other documents or property, or reproductions of any aforementioned items developed by me pursuant to my employment with the Company or otherwise belonging to the Company, its successors or

assigns. In the event of the termination of my employment, I agree to sign and deliver the "Termination Certification" attached hereto as <u>Exhibit C</u>.

(Am. Compl., Ex. 1 at 3.)  Prior to Shukh's termination and immediately following his notice of termination, Shukh made copies of approximately 49,607 pages of Seagate's documents.[1]  (Mots. Hr'g Tr. at 36:10-16, Sept. 28, 2010, Docket No. 64.)  Shukh alleges that the documents are proof of his inventorship rights at issue in his claims against Seagate.  (Am. Compl. ¶ 330.)

Seagate repeatedly requested the return of the documents, but Shukh has refused.  First, on January 15, 2009, after Shukh received his notice of termination, Shukh's supervisor was informed that Shukh was copying and taking documents from Seagate.  (Allen Decl. ¶ 4, June 13, 2011, Docket No. 166.)  When Shukh's supervisor requested the return of the documents, Shukh refused.  (Allen Decl. ¶¶ 4-5.)  On May 26, 2009, Seagate sent a letter to Shukh, again requesting the return of the documents, but no documents were returned.  (Mem. in Supp., Ex. H, Docket No. 163-8.)  Later that year, Shukh's attorney indicated that he had possession of about twelve documents.  (Mem. in Opp'n to Mot. for Summ. J., Exs. B-4, B-6, Docket No. 189-2.)  Seagate first learned that Shukh had taken many more documents in February of 2010, when Shukh filed his complaint, referencing numerous Seagate documents.  (Reply Mem. 4, Aug. 2, 2011, Docket No. 195.)  Seagate sent a letter to Shukh the following month, once more

---

[1] Shukh copied 4,544 documents onto physical pieces of paper using Seagate's copier and paper, and digitally copied 45,063 documents onto electronic media.  (Am. Countercl. ¶ 20, June 3, 2011, Docket No. 155.)

requesting the return of Seagate's documents, citing the terms of the employment agreement (Mem. in Supp., Ex. J, June 13, 2011, Docket No. 163-10); Shukh refused.

Seagate prepared a motion for the return of documents and initially scheduled a hearing on the motion for June 2, 2010.  (Stipulation 2, May 17, 2010, Docket No. 12.)  As a result of a trial in which Shukh's counsel was involved, the parties agreed to delay the hearing until after August 16, 2010.  (*Id.* at 3.)  Seagate moved for return of its documents in August.  (Mot. to Disqualify Counsel and for Return of Documents, Aug. 30, 2010, Docket No. 25.)  A hearing was held before the Magistrate Judge on September 28, 2010, and Shukh's counsel admitted that Shukh had taken approximately 50,000 documents.  (Mots. Hr'g Tr. at 36:10-14, Sept. 28, 2010.)  At that hearing the Magistrate Judge ordered Shukh to copy all of the documents and provide them to Seagate, so that Seagate could examine them and determine whether there are any privilege concerns. (Docket No. 61.)  Seagate alleges that this hearing was the first time it learned the extent of the documents taken, and it subsequently counterclaimed against Shukh on April 15, 2011, seeking the return of all of the documents.  (Ans. and Countercl., Apr. 15, 2011, Docket No. 142.)  Shukh made copies of the documents, and gave those additional copies to Seagate.  (Am. Countercl. ¶ 20.)  However, to date, none of Shukh's own copies of Seagate's documents appear to have been returned to Seagate.

Shukh moved to dismiss Seagate's counterclaims for failure to state a claim on May 13, 2011.  (Mot. to Dismiss, May 13, 2011, Docket No. 150.)  Seagate moved for summary judgment on its counterclaims on June 13, 2011.  (Mot. for Summ. J., June 13, 2011, Docket No. 169.)  In support of its motion, Seagate submitted a DVD containing a

copy of the documents at issue under protective seal.  (Drown Decl., Ex. P, June 13, 2011, Docket No. 163-16.)  Additionally, Seagate has produced many of the documents at issue in discovery, but withheld approximately 392 documents under assertions of privilege.  (Letter to Dist. Judge, Sept. 23, 2011, Docket No. 202.)  Those documents are now the subject of a motion to compel made by Shukh, which will be decided by the Magistrate Judge.  (Am. Mot. to Compel, Oct. 7, 2011, Docket No. 206.)  Shukh later moved to dismiss Seagate's counterclaims for lack of jurisdiction.  (Mot. to Dismiss, Oct. 14, 2011, Docket. No. 214.)

## ANALYSIS

## I.      STANDARD OF REVIEW

### A.      Motion to Dismiss

Shukh moves to dismiss Seagate's counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility" and must be dismissed.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  In reviewing a complaint on a motion to dismiss, the Court

takes as true all allegations in the complaint, and construes it in the light most favorable to the nonmoving party. *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

### B.     Seagate's Motion for Summary Judgment

Seagate moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue [of material fact] for trial." *Davenport v. Univ. of Ark. Bd. of Trustees*, 553 F.3d 1110, 1113 (8th Cir. 2009) (citing *Anderson*, 477 U.S. at 247-49).

## II.     BREACH OF CONTRACT

### A.     Shukh's Motions to Dismiss the Breach of Contract Claim

Shukh moves to dismiss Seagate's breach of contract claim for failure to state a claim. Specifically, Shukh argues that Seagate has not adequately pleaded the elements

of damages and satisfaction of conditions precedent.  Seagate amended its counterclaim to address these concerns and the Court finds that Seagate has adequately pleaded these elements, as discussed in further detail below.  For these reasons, the Court will deny Shukh's motion to dismiss for failure to state a claim as to the breach of contract counterclaim.

Additionally, Shukh moves to dismiss Seagate's breach of contract claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that Seagate's production of documents in discovery mooted its claim for breach of contract.  Seagate did not, however, produce all of the documents at issue; it withheld approximately 392 documents due to privilege claims.  At the hearing on this matter, counsel for Shukh admitted that not all documents were produced in discovery, and Shukh has a motion to compel pending before the Magistrate Judge.  (Mots. Hr'g Tr. at 6:16-22, Nov. 3, 2011, Docket No. 231.)  The Court concludes it has jurisdiction at this time and will deny the 12(b)(1) motion because it finds at least some documents have not yet been produced.

### B.     Seagate's Motion for Summary Judgment on Breach of Contract

Seagate moves for summary judgment on its counterclaim for breach of contract. To establish a breach of contract claim under Minnesota law, the plaintiff must prove that (1) an agreement was formed, (2) the plaintiff performed any conditions precedent, and (3) the defendant breached the agreement.  *Nicollet Cattle Co. v. United Food Group, LLC*, No. 08-5899, 2010 WL 3546784, at *7 (D. Minn. Sept. 7, 2010) (citing *Commercial*

*Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. Ct. App. 2006)).  In addition, some Minnesota cases hold that damages are a required element, *see, e.g., Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000), while others indicate that specific performance may be requested in lieu of damages.  *See Loppe v. Steiner*, 699 N.W.2d 342, 349 (Minn. Ct. App. 2005).

Seagate argues that there is no genuine issue of fact on any of the elements required to prove a breach of contract claim.  Seagate supports its claim with ample record evidence that Shukh does not dispute.[2]  First, an agreement was formed when Shukh signed the employment agreement.  (Am. Compl. ¶ 287 (admitting the existence of the agreement).)  The consideration exchanged included Seagate's promises of at-will employment and compensation and Shukh's promise to comply with the terms of the Employment Agreement.  (Am. Compl., Ex. 1 at 1.)

Second, any conditions precedent have been satisfied.  A condition precedent "is one which is to be performed before the agreement of the parties becomes operative." *Lake Co. v. Molan*, 131 N.W.2d 734, 740 (Minn. 1964).  The agreement generally required Shukh to agree to its terms "[a]s a condition of [his] employment with Seagate." (Am. Compl., Ex. 1 at 1.)  Additionally, the document return provision was to be

---

[2] Rule 56(e) provides:

> If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials – including the fact considered undisputed – show that the movant is entitled to it . . . .

Fed. R. Civ. P. 56(e).  In reaching its decision, the Court considered the supporting materials provided by both parties in the light most favorable to Shukh.

complied with "at the time of leaving the employ of" Seagate.  (Am. Compl., Ex. 1 at 3.) There is no material issue of fact that Seagate employed Shukh nor that Shukh has left the employ of Seagate.  (Am. Compl. ¶¶ 33, 34.)

Finally, there is no issue of fact that Shukh breached the contract.  The terms of the employment agreement are clear: upon Shukh's termination he was to return Seagate's "records, data, notes, reports, . . . correspondence, specifications, drawings, blueprints, sketches, . . . other documents or property, or reproductions of any aforementioned items . . . ."  (Am. Compl., Ex. 1 at 3.)  Shukh admitted that he took and retained Seagate's documents.  (Stipulation 2; Mots. Hr'g Tr. 26-27, Sept. 28, 2010; *see also* Am. Compl. ¶¶ 241, 250, 252.)

A review of the evidence submitted in this action indicates that there is no genuine issue of material fact on the elements of breach of contract.  However, Shukh has raised a number of defenses to Seagate's breach of contract claim which the Court now addresses.

## C.  Shukh's Defenses to Breach of Contract

Shukh asserts that the counterclaims are moot because Seagate attached a copy of the documents to its motion, that the counterclaims are preempted by federal patent law and the Constitution, that he needs additional time for discovery, that Seagate's request for equitable remedies is barred by its unclean hands, and that Seagate has waived its rights under the contract due to its delay in seeking legal relief.  The Court considers each of these defenses in turn.

## 1. Mootness

Shukh argues that Seagate's counterclaims are moot because Seagate later disclosed all of the documents at issue in support of its summary judgment motion. Shukh cites to cases that involve parties who initially disclosed materials in discovery and later attempted to obtain a protective order or assert a privilege.[3] The Court finds that these cases are inapposite. By producing documents as part of the litigation process in 2011, Seagate did not condone Shukh's unauthorized taking of the documents in 2009. Further, the parties have a legally cognizable interest in the outcome, because lawful possession of the documents is relevant for this action and for future use of the documents.[4] *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). The Court finds that Seagate did not moot its breach of contract claims by submitting a copy of the documents in support of its motions.

---

[3] *See United States ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 176 (D.D.C. 2008) (a party must jealously guard its privilege to retain it); *Door Direct, Inc. v. Nationwide Delivery Sys., Inc.*, 2005 U.S. Dist. LEXIS 35236 (W.D. Tex. 2005) (a party may use information obtained through discovery); *Cruz v. Coach Stores, Inc.*, 196 F.R.D. 228, 230 (S.D.N.Y. 2000) (party had disclosed material in related litigation without a protective order and therefore could not assert a privilege over same material in a different action); *McGreevy v. CSS Indus.*, 1996 U.S. Dist. LEXIS 10244 (E.D. Pa. 1996) (no privilege where information was inadvertently disclosed if no reasonable attempt made to safeguard information or prompt steps taken to correct disclosure).

[4] The documents exchanged in this litigation are currently protected under seal. Seagate is concerned that Shukh will use the documents for a competitive advantage in his new business, Spingate Technology, LLC, which develops memory technology designed to replace the type of products made by Seagate. (Mem. in Supp., Ex. Q, June 13, 2011, Docket No. 163-17.)

## 2.      Preemption and Constitutionality

Shukh also defends against Seagate's counterclaims by arguing that they are preempted by federal patent law because he needs the documents to prove his inventorship claims.  In addition, he argues that the return of the documents would conflict with the Patent Clause of the Constitution, U.S. Const. art. I, § 9, cl. 8, and therefore may not be ordered.[5]  These arguments rest on the premise that Shukh is unable to prove his inventorship claims without these documents and that he cannot obtain the documents in another manner.  To the contrary, Seagate has already provided nearly all of these documents in discovery, and Shukh is currently challenging Seagate's assertion of privilege over the documents not produced.  (Letter to Dist. Judge 1-2, Sept. 20, 2011, Docket No. 201; Am. Mot. to Compel.)  It is clear that there are other lawful methods of obtaining such proof, such as discovery governed by the Federal Rules of Civil Procedure.  This Court will not sanction an employee's breach of contract merely because the employee finds it inconvenient to follow the rules of discovery to obtain evidence supporting its claims against an employer.

---

[5] The patent clause states that "Congress shall have Power . . . [t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries . . . ." U.S. Const. art. I, § 9, cl. 8.  Shukh's argument as to this clause is not clear, but it appears that he creates a distinction between ownership and inventorship, and argues that inventorship cannot be transferred, even though ownership of a patent may be assigned.  Because, pursuant to his reading, the patent clause primarily protects inventor's rights, he argues that any theories that detract from the right of inventorship run afoul of the Constitution.

### 3. Additional Time for Discovery

Shukh submits a declaration seeking additional time for discovery on its defenses and claims against Seagate. A "party opposing summary judgment is required to file an affidavit . . . showing what specific facts further discovery might uncover." *Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999). In *Anuforo v. Commissioner*, the district court denied a party's request for additional time to take a witness's testimony because the request lacked specific facts and a description of "what information further discovery might reveal."[6]   614 F.3d 799, 808 (8th Cir. 2011) (affirming). Similarly, Shukh's assertions lack specificity. He claims that he must investigate "[t]he true facts behind Seagate's failure to move promptly to seek the return of documents" and take additional depositions. (Mem. in Opp'n to Mot. for Summ. J., Ex. D ¶ 4, July 12, 2011, Docket No. 189-4.) Shukh does not indicate what information might be uncovered or how the "true facts" of Seagate's purported delay might be relevant to the counterclaims. Accordingly, the Court finds that Shukh has not adequately supported his request for additional time for discovery.

### 4. Unclean Hands

Shukh also raises the equitable defense of unclean hands to bar Seagate's request of specific performance of the contract. "The doctrine of unclean hands will be invoked

---

[6] The Eighth Circuit reached similar holdings in *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (denying request because non-moving party failed to articulate how facts sought were relevant to rebuttal of motion for summary judgment); and *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2011) (denying request because non-moving party's statement that depositions were "necessary to test the veracity of and refute the allegations made" was not specific enough).

only to deny equitable relief to a party whose conduct has been unconscionable by reason of a bad motive." *Wind Turbine Indus. Corp. v. Jacobs Wind Elec. Co., Inc.*, No. 09-36, 2010 WL 4723385, at *12 (D. Minn. Nov. 16, 2010).   Shukh argues that his claims against Seagate of correction of inventorship and fraud support a finding that Seagate has unclean hands.   This Court addressed Shukh's argument of unclean hands in its Order dated March 30, 2011 when it dismissed Shukh's request for a declaration that the document return provisions of the employment agreement are unenforceable.[7]   (Mem. Op. and Order at 29-31, Mar. 30, 2011, Docket No. 140.)   Shukh has not submitted additional evidence to persuade the Court to reconsider this decision.

A party may not merely raise the defense of unclean hands to contest a motion for summary judgment without providing any evidentiary support.[8]   Shukh had the burden to show that there was a factual dispute as to his defense of unclean hands, and has failed to point to a single fact outside of the allegations contained in his complaint.   For this

---

[7] Shukh had argued that Seagate's fraudulent omission of his name as inventor and its filing of false patent applications demonstrated unclean hands. (*Id.* at 30.) This Court reviewed his arguments and found "no evidence of unconscionability, or bad faith" that would require this Court to declare the document return provisions unenforceable, and the Court dismissed the claim for declaratory judgment. (*Id.* at 31.)

[8] Courts have repeatedly dismissed the defense of unclean hands when it is unsupported. *See, e.g., Minn. Specialty Crops, Inc. v. Minn. Wild Hockey Club, LP*, No. 00-2317, 2002 U.S. Dist. LEXIS 13991, at *36 (D. Minn. July 26, 2002) (dismissing unclean hands defense when defendants presented no specific evidence showing plaintiff sought trademark registrations in bad faith); *Metro Networks Communs., Ltd. P'ship v. Zavodnick*, No. 03-6198, 2003 U.S. Dist. LEXIS 22685, at *22 (D. Minn. Dec. 12, 2003) (dismissing unclean hands defense when defendant did not show plaintiff's conduct was "unconscionable either as a result of a 'bad motive' or in the benefits to [plaintiff] or injury to others"); *Pedersen v. Akona*, 429 F. Supp. 2d 1130, 1143-44 (D. Minn. 2006) (declining to apply unclean hands doctrine in correction of inventorship action because plaintiff had not produced evidence showing defendant acted with bad motive and plaintiff had not established elements of fraud).

reason, the Court finds that Seagate's demand for specific performance is not barred by Shukh's defense of unclean hands.[9]

### 5.    Waiver

Shukh asserts that Seagate waived its rights to enforce the document return provision of the contract, because Seagate first asked Shukh to return the documents on his last day in January 2009, but waited sixteen months to take any legal action to retrieve the documents and two and a half years before moving for summary judgment on this issue.   Waiver requires "an intentional relinquishment of a known right, and it must clearly be made to appear from the facts disclosed."   *Citizens Nat'l Bank v. Mankato Implement, Inc.*, 441 N.W.2d 483, 487 (Minn. 1989) (internal quotation marks omitted). Mere unexplained delay is not construed as a voluntary relinquishment of contractual rights.   *Har-Mar, Inc. v. Thosen & Thorshov, Inc.*, 218 N.W.2d. 751, 756 (Minn. 1974). The waiving party must also have had "full knowledge of the facts."   *Freitag v. Wolf*, 226 N.W.2d 868, 870 (Minn. 1975).

The Court concludes that Seagate's delay in seeking legal enforcement does not constitute waiver.   Seagate showed that it sought enforcement of the document return provision at regular intervals since Shukh's termination in 2009.   Seagate has made numerous requests for the documents and all of them have been refused or ignored by Shukh.   Further, Seagate could not have waived its rights prior to knowing how many

---

[9] Shukh clearly may continue to pursue his original claims of fraud, correction of inventorship, discrimination, and retaliation.   This portion of the opinion concerns only unclean hands in the context of the breach of contract, which is unsupported.

documents were involved, and Seagate claims that it did not have full knowledge of the facts until a hearing held September 28, 2010. After the hearing, Seagate timely filed its counterclaim for the return of the documents. Additionally, Seagate also notes that the employment agreement included a clause requiring "any waiver of rights under this agreement" to be "in writing signed by the party to be charged." (Am. Compl., Ex. 1 at 4.) Because Seagate showed no intention of relinquishing its rights by repeatedly asking for the documents, and because Shukh's employment agreement clearly required the return of the documents at issue, the Court finds that the defense of waiver does not bar Seagate's enforcement of the contract.[10]

In sum, the Court finds none of the defenses that Shukh raised against Seagate's counterclaims are adequate to defeat Seagate's motion for summary judgment on the breach of contract claim. Shukh has not disputed Seagate's proof of the elements of the breach claim, and his defenses are insufficient. The Court will grant summary judgment in favor of Seagate as to the breach of contract claim and will order specific performance in the form of Shukh returning the relevant documents.

---

[10] Similar to his argument on mootness, Shukh cites numerous cases in which courts have held that a party has waived work product and attorney-client privileges because it failed to take adequate and reasonable steps to protect its privileges. *See Bowles v. Nat'l Ass'n of Home Builders*, 224 F.R.D. 246, 253 (D.D.C. 2004); *IMC Chems., Inc. v. Niro, Inc.*, No. 98-2348, 2000 U.S. Dist. LEXIS 22850, at *80-81 (D. Kan. July 19, 2000). The Court finds these cases inapplicable because Seagate's assertion of privilege is not at issue in the present motions before this Court and will be determined by the Magistrate Judge. (Am. Mot. to Compel.) Seagate is seeking to enforce an employment agreement that explicitly required the return of any documents at the termination of Shukh's employment.

### C.    Preliminary Injunction

Seagate moved in the alternative for a preliminary injunction on the breach of contract claim, asking this Court to order the return of the documents pending the resolution of the action.  The Court denies Seagate's motion for a preliminary injunction because it is rendered moot by the Court's grant of summary judgment on the breach of contract claim.[11]

## III.    CONVERSION AND REPLEVIN

Seagate has also asserted counterclaims of conversion and replevin against Shukh based on his appropriation of its documents.  Under Minnesota law, conversion is "an act of willful interference with personal property, done without lawful justification by which any person entitled thereto is deprived of use and possession."  *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (internal quotation marks omitted).  Punitive damages for conversion may be awarded under Minn. Stat. § 549.20.  *Goodwin v. Harmon*, No. 97-1123, 1997 WL 769491, at *2 (Minn. Ct. App. Dec. 16, 1997).  "A replevin action seeks to regain possession of items" and is governed by Minnesota statute.  *B-Kam, LLP v. Floding*, No. 08-5168, 2011 U.S. Dist. LEXIS 34683, at *26 (D. Minn. Mar. 30, 2011); *see* Minn. Stat. §§ 565.21-23.  A judgment in replevin may include "damages for the detention, or the taking and withholding."  Minn. Stat. § 548.04.

---

[11]Although the Court is not resolving this issue, it appears that there is no strong basis for a finding of irreparable harm at this time.  A court may deny a preliminary injunction solely on the ground that the movant did not show a threat of irreparable harm to the movant.  *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Shukh moves to dismiss Seagate's conversion and replevin claims on two theories: one, that the heart of the action is a breach of contract and there is no distinct tort; and, two, that he did not take original documents, but only copies.   Seagate moves for summary judgment on both claims.

## A.      Heart of the Action

Shukh moves to dismiss Seagate's conversion and replevin claims on grounds that the heart of the action is a breach of contract.   "Minnesota law does not recognize an independent tort for conduct that merely constitutes a breach of contract."   *First Integrity Bank, N.A. v. Ohio Cas. Ins. Co.*, Civ. No. 05-2761, 2006 WL 1371674, at *6 (D. Minn. May 15, 2006).   If the "actions at the heart" of a tort claim "are identical to those which constitute a breach of contract," there is no separate tort cause of action.   *Id*.   "A tort is independent from a breach of contract if a relationship would exist which would give rise to the legal duty without enforcement of the contract promise itself."   *Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*, No. 05-2310, 2007 U.S. Dist. LEXIS 86283 (D. Minn. Nov. 21, 2007) (internal quotations marks omitted).   In order for the plaintiff to recover under a breach of contract **and** a tort claim, the "plaintiff must prove separate damages for [the tort] and for breach."   *Hanks v. Hubbard Broad., Inc.*, 493 N.W.2d 302, 308 (Minn. Ct. App. 1992).

In this case, the actions at the heart of the conversion and replevin claim (Shukh's taking and retention of Seagate's documents) are the same as those giving rise to the breach of contract.   Minnesota courts have not recognized a separate legal duty to return

an employer's documents. [12]   Seagate has not requested a specific amount of damages at this stage, and it is unlikely that it could prove separate damages for conversion and breach.   Seagate has enumerated no extraordinary circumstances that would allow it to pursue both a breach of contract action and an action in tort.   Because the actions at the heart of the claims are the same and Seagate has not proven separate damages for the separate claims, the Court will grant Shukh's motion to dismiss the conversion and replevin counterclaims.[13]

### B.      Conversion of Copies of Documents

Shukh also moves to dismiss the conversion and replevin claims on grounds that Seagate only alleged that Shukh took copies, and making copies does not amount to conversion because it does not deprive the owner of the original documents.   Seagate counters that Shukh took Seagate's physical property by using its paper, ink, and photocopier to make the copies at issue.   It is not clear whether Minnesota law acknowledges an action in conversion or replevin for copies of documents when the

---

[12] Case law from other districts is inconsistent.   Although the Eastern District of Pennsylvania has held several times that an employee has an independent legal duty to return documents to its employer upon termination, *see Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 623 (E.D. Pa. 2010); *Orthovita, Inc. v. Erbe*, No. 07-2395, 2008 WL 423446, at *6 (E.D. Pa. Feb. 14, 2008); *Integrated Waste Solutions, Inc. v. Goverdhanam*, No. 10-2155, 2010 WL 4910176, at *13 (E.D. Pa. Nov. 30, 2010); other district courts have held that, absent a contractual provision requiring the return of documents, an employee is under no such duty.   *See Bowles v. Nat'l Ass'n of Home Builders*, 224 F.R.D. at 260; *IMC Chems., Inc. v. Niro, Inc.*, No. 98-2348, 2000 U.S. Dist. LEXIS 22850, at *80-82.

[13] Seagate moves for summary judgment on conversion and replevin.   Because the Court will grant Shukh's motion to dismiss the conversion and replevin counterclaims, the Court will deny Seagate's motion for summary judgment on these claims.

claimant retains the originals.  The Court finds that it need not reach that determination because Shukh's heart of the action argument effectively disposes of Seagate's counterclaims for conversion and replevin.  Because the Court will grant Shukh's motion to dismiss as to conversion and replevin, Seagate's motion for summary judgment on those claims is rendered moot.

## IV.   COURT'S INHERENT POWER TO COMPEL RETURN OF DOCUMENTS

Seagate argues that the Court has inherent power to compel the return of its documents.  In support, it cites cases from other districts and state courts wherein a court ordered a party that obtained documents outside the course of discovery to return the documents.   Shukh contends the request is improper because Federal Rule of Civil Procedure 65 governs motions for the return of documents.  The Supreme Court has held that

> when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, (1991).   Because the Court has other sufficient bases upon which to order the return of documents, the Court will deny Seagate's motion requesting the Court to exercise its inherent powers.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction on the Grounds of Mootness Based on Changed Circumstances [Docket No. 214] is **DENIED.**

2.      Plaintiff's Motion to Dismiss Counterclaims [Docket No. 150] is **GRANTED in part** and **DENIED in part** as follows:

      a.      The motion is **DENIED** as to defendants' counterclaim for breach of contract.

      b.      The motion is **GRANTED** as to defendants' counterclaims for conversion and replevin.

3.      Defendants' motions for summary judgment, a preliminary injunction, and the return of documents [Docket No. 169] are **GRANTED in part** and **DENIED in part** as follows:

      a.      The motion for summary judgment is **GRANTED** as to defendants' counterclaim for breach of contract.

      b.      The motion for summary judgment is **DENIED as moot** as to defendants' counterclaims for conversion and replevin.

      c.      The motion for a preliminary injunction is **DENIED as moot**;

      d.      The motion for the return of documents under the inherent authority of the Court is **DENIED**.

Based upon the Court's granting Defendants' motion for summary judgment as to its counterclaim for breach of contract, **IT IS HEREBY FURTHER ORDERED** that Shukh return all documents at issue within twenty-one (21) days from the date of this Order.

DATED:   November 30, 2011
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge