UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER M. SHUKH,<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY, LLC,<br>SEAGATE TECHNOLOGY, INC.,<br>SEAGATE TECHNOLOGY,<br>UNKWNOWN OWNERS AND<br>ASSIGNEES, and SEAGATE<br>TECHNOLOGY, PLC,<br><br>Defendants. | Civil No. 10-404 (JRT/JJK)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS TITLE VII PUNITIVE<br>DAMAGES CLAIM** |

Katherine M. Vander Pol and James Kaster, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402; Constantine John Gekas and John C. Gekas, **GEKAS LAW, LLP**, 11 South LaSalle Street, Suite 1700, Chicago, IL 60603, for plaintiff.

Calvin L. Litsey, Chad Drown, Charles F. Knapp, David J. F. Gross, Elizabeth Cowan Wright, and Jeya Paul, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, and Sarah E Benjes, **FAEGRE BAKER DANIELS L.L.P.**, 1700 Lincoln Street,. Suite 3200, Denver, CO 8020, for defendants.

Defendants (collectively "Seagate") move to dismiss or strike Alexander M. Shukh's Title VII request for punitive damages from his Third Amended Complaint. The Court previously found that Shukh's allegations of discrimination and retaliation were little more than bare assertions that such events had occurred; Shukh has added no further

- 2 -

factual allegations of discrimination or retaliation beyond those the Court assessed at that time. Because Shukh's Third Amended Complaint is insufficient to state a claim for punitive damages under Title VII, the Court will dismiss the request for punitive damages.

## BACKGROUND

Shukh filed suit in February 2010. (Docket No. 1.) He filed a First Amended Complaint in April 2010. (Docket No. 7.) Seagate moved to dismiss the First Amended Complaint, and the Court denied that motion. (Mem. Op. and Order, March 30, 2011, Docket No. 140.) The Court noted, however, that "Shukh's pleadings related to discrimination in pay, promotions, and failure to be recognized for achievements, consist of little more than bare statements that such events occurred." (*Id.* at 25.)

Shukh moved for leave to file a Second Amended Complaint on December 1, 2011. (Docket No. 243.) The proposed Second Amended Complaint did not add any new allegations of discrimination or retaliation; it did, however, add what Shukh called "pro forma language regarding actual and punitive damages to the Prayers for Relief on the Discrimination and Retaliation Claims." (*Id.* at 1.) The Magistrate Judge allowed Shukh to amend the complaint to add a punitive damages claim under Title VII. (Dec. 15, 2011, Docket No. 250.) Shukh filed the Second Amended Complaint at the end of December 2011. (Docket No. 255.)

Five days later, Shukh moved for leave to file a Third Amended Complaint. (Motion, Jan. 4, 2012, Docket No. 257.)  The parties stipulated to the filing of the Third Amended Complaint with the understanding that Seagate could move to dismiss or strike Shukh's Title VII punitive damages claim.  (Stipulation at 2, Jan. 13, 2012, Docket No. 264.)  The Third Amended Complaint contained no new allegations relating to discrimination or retaliation not included in the first two complaints.

## ANALYSIS

### I. STANDARD OF REVIEW

Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).  The complaint must plead facts that render a defendant's liability plausible – not merely possible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a complaint on a motion to dismiss the Court takes as true all allegations in the complaint, which it construes in the light most favorable to the nonmoving party.  *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).  It must not, however, give effect to conclusory allegations of law.  *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).

## II.   SEAGATE'S MOTION TO DISMISS[1]

Seagate moves to dismiss Shukh's punitive damages claim on the ground that the Third Amended Complaint pleads insufficient facts from which to conclude that Seagate discriminated with malice or reckless indifference. Plaintiffs seeking punitive damages in employment discrimination cases must show that the employer intentionally discriminated "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529-30 (1999). That is, "Congress . . . sought to impose two standards of liability – one for establishing a right to compensatory damages and another, higher standard that a plaintiff must satisfy to qualify for a punitive award." *Kolstad*, 527 U.S. at 534. "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Id.* at 535. To be liable in punitive damages, "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law . . . ." *Id.* at 536.

---

[1] Seagate argues in the alternative that the request for punitive damages should be stricken from the complaint pursuant to Federal Rule of Civil Procedure 12(f). While the Court has liberal discretion under Rule 12(f), such motions are typically viewed with disfavor. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Moreover, many courts are properly reluctant to strike matter from a complaint. *See, e.g., Gilbee v. RJW Transport, Inc.*, 2010 WL 4974863, at *2 (E.D. Mo. Nov. 24, 2010) (observing that "[m]atter in a complaint will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation"). In view of its conclusion that Rule 12(b)(6) is an appropriate vehicle to resolve this motion, the Court need not exercise its Rule 12(f) discretion.

Before turning to the question of whether the Third Amended Complaint plausibly states a claim for punitive damages, the Court must address Shukh's threshold objection that the *Iqbal* / *Twombly* standard does not apply to the punitive damages claim. At least some courts question the applicability to the expression of damages of *Iqbal* / *Twombly*'s requirement that a complaint contain sufficient factual matter to render entitlement to relief plausible. *See Dotson v. Avon Prods., Inc.*, No. 10-881, 2011 WL 891863, at *6 (D.S.C. Feb. 8, 2011) (observing that it is "unclear" whether *Iqbal* and *Twombly* extend to the expression of damages). And in arguing that his pro forma request for punitive damages is sufficient, Shukh points to a number of cases that he claims stand for the proposition that there is no "heightened" pleading requirement for punitive damages.

But the cases do not suggest that claims for punitive damages are exempt from *Iqbal* and *Twombly*'s pleading requirements. In each of the cases on which Shukh relies the court observed that the fact-finder could plausibly infer from plaintiff's factual allegations that the standard for punitive damages was met. *See Troyer v. I-Flow Corp.*, No. 11-0045, 2011 WL 2517031, at *5 (S.D. Ohio June 23, 2011) (quoting *Iqbal* and *Twombly* as applicable and stating that the Court "can very plausibly infer" that the standard for punitive damages was met); *Clonch v. I-Flow Corp.*, No. 10-0348, 2010 WL 4806769, at *5 (S.D. Ohio Nov. 17, 2010) (same); *Kademani v. Mayo Clinic, et al.*, No. 09-00219, Docket No. 132 at 2 (D. Minn. Nov. 2, 2010) (observing that "Plaintiff need not specifically plead punitive damages **so long as the complaint alleges conduct**

**that would support a claim for punitive damages** and defendants have notice that Plaintiff intends to seek punitive damages[,]" and finding that the complaint alleged sufficient facts to support such a claim) (emphasis added).

In short, Shukh's suggestion that Seagate's motion is an attempt to force him to prove up his claims at the pleading stage rings hollow in the wake of *Iqbal* and *Twombly*. The Court finds that the requirement emerging from those cases that a complaint's allegations support a plausible inference of entitlement to relief applies to the expression of punitive damages under Title VII. Shukh's complaint, therefore, must allege sufficient factual matter to permit the reasonable inference that Seagate engaged in intentional discrimination with malice or reckless indifference to Shukh's federally protected rights. *See Iqbal*, 556 U.S. at 662; *Kolstad*, 527 U.S. at 526.

Having determined that *Iqbal* applies, the Court now turns to whether Shukh's request for punitive damages meets the pleading standard. The Court's prior observation that "Shukh's pleadings related to discrimination in pay, promotions, and failure to be recognized for achievements, consist of little more than bare statements that such events occurred" provides a useful starting point. (Mem. Op. and Order at 25.) The Court declined to dismiss the national origin discrimination claims because "taking the facts in a light most favorable to Shukh, and given that he was terminated despite being a very successful inventor and a member of the Seagate Inventor Hall of Fame, the pleadings [were] not so deficient they fail to state a claim that is plausible on its face." (*Id.*)

But obtaining punitive damages under Title VII requires more than mere intentional discrimination. This "higher" standard requires Shukh to show that Seagate intentionally discriminated "with malice or with reckless indifference" to his federally protected rights. 42 U.S.C. § 1981a(b)(1); *Kolstad*, 527 U.S. at 529-30, 534. Yet the Third Amended Complaint contains no new allegations relating to discrimination or retaliation that were not included in the First Amended Complaint. (*Compare* Third Amended Complaint, ¶¶ 228-262, 311-326, Jan. 17, 2012, Docket No. 269 *with* First Amended Complaint, ¶¶ 228-262, 311-326, Apr. 7, 2010, Docket No. 7). If the First Amended Complaint was barely sufficient to clear the Rule 12(b)(6) hurdle as to intentional discrimination, Shukh's claim for punitive damages plainly does not: the allegations in the Complaint do not sufficiently speak to Seagate's state of mind so as to permit a reasonable inference of malice or reckless disregard of Shukh's rights.

True, many of the cases analyzing the "malice or reckless indifference" requirement address motions brought after the plaintiff had ample opportunity to develop the record and obtain the information necessary to establish that the defendant acted with the requisite state of mind. *See, e.g.*, *Dominic v. DeVilbiss Air Power Co.*, 493 F.3d 968 (8th Cir. 2007) (post-trial motion challenging punitive damages award). Here, months of discovery remain. It is of course **possible** that Shukh could unearth evidence in discovery that would get at Seagate's management's state of mind. And Shukh is correct that some courts have allowed plaintiffs to file an amended complaint adding a punitive

damages claim where "facts in [the] amended complaint . . . **might** support a claim for punitive damages . . . ." *Coller v. Doucette*, No. 4:09-780, 2010 WL 319652, at * 2 (E.D. Mo. Jan. 20, 2010) (emphasis added).  But, as described below, the facts in Shukh's Third Amended Complaint do not render it **plausible**, as *Iqbal* requires, that Seagate discriminated against Shukh with malice or reckless disregard to his rights.

*Iqbal* delineates the procedure for interrogating the sufficiency of a claim.  First, the Court must note the elements a plaintiff must plead to state a claim for punitive damages in a discrimination case. *Iqbal*, 556 U.S. at 675.  As determined above, a claim for punitive damages under Title VII requires factual allegations that suggest intent beyond what is required for a basic Title VII discrimination claim. "Section 1981a(a)(1) limits compensatory and punitive awards to instances of intentional discrimination, while § 1981a(b)(1) requires plaintiffs to make an additional 'demonstrat[ion]' of their eligibility for punitive damages." *Kolstad*, 527 U.S. at 534.  Specifically, the plaintiff must show that the defendant "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference."  *Id.* (quoting 42 U.S.C. § 1981a(b)(1)).  Shukh must therefore plead sufficient facts to render it plausible that Seagate engaged in intentional discrimination with malice or with reckless indifference to Shukh's federally protected rights.

Second, the Court must identify the allegations in the complaint not entitled to the assumption of truth.  *Iqbal*, 556 U.S. at 680.  The Third Amended Complaint's

allegations of illegality, (Compl. ¶ 234), and an "extreme pattern of discrimination," (Compl. ¶ 229), are not entitled to the presumption of truth because they are conclusory. *Iqbal*, 556 U.S. at 681.

Third, the Court must consider the Complaint's factual allegations to determine if they plausibly suggest entitlement to relief. *Id.* The relevant paragraphs are 228-243 and 249-262. The Court finds that these paragraphs do not allege sufficient facts relating to Seagate's state of mind. Among other facts, the complaint alleges that Shukh's compensation was lower than that of non-foreign employees; that he was denied promotions granted to less qualified, non-foreign employees; that his name was improperly omitted as an inventor from various patent applications; that Shukh was "illegally" selected for termination; that he was "completely isolated" from the organization; that he received a false poor performance review; and that Seagate made various retaliatory threats following Shukh's termination. (Third Am. Compl. ¶¶ 228-43, 247-62.)

As the Court previously observed, these allegations are "little more than bare statements that such events occurred." (Mem. Op. and Order at 25.) And none of the factual allegations – together or in isolation – reasonably permits the conclusion that Seagate discriminated or retaliated against Shukh with malice or reckless disregard to Shukh's federally protected rights. As in *Iqbal* itself, Shukh's complaint simply does not contain enough factual information to plausibly suggest the requisite state of mind – here

that the employer discriminated in the face of a perceived risk that its actions will violate federal law.  *Iqbal*, 556 U.S. at 683; *Kolstad*, 527 U.S. at 526.  Shukh "would need to allege more by way of factual content to 'nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'"  *Iqbal*, 556 U.S. at 683 (citing *Twombly*, 550 U.S. at 570).  In sum, the Court finds that Shukh's allegations are insufficient to allow the fact-finder reasonably to draw the conclusion that Seagate discriminated or retaliated against Shukh "with malice or reckless indifference," that is, with knowledge that its actions may have been violative of federal law.  *See Kolstad*, 527 U.S. 536.  Shukh's request for punitive damages will therefore be dismissed.[2]

### III.   SHUKH'S REQUEST TO AMEND

In the alternative, Shukh requests leave to file a Fourth Amended Complaint to add several allegations regarding the punitive damages claim.  While courts are to "freely give[]" leave to amend when "justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Moses.com Sec., Inc. v. Comprehensive Software Sys, Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

---

[2] The Court will, however, entertain a future request for permission to add a claim for punitive damages from Shukh should he unearth in discovery a firm factual basis for it.

The Court will not grant Shukh leave to amend the complaint for two reasons. First, Shukh has repeatedly failed to cure deficiencies with previously allowed amendments. Shukh could have properly pled a Title VII punitive damages claim in the original complaint or the First Amended Complaint if there were a factual basis for it. Shukh could, moreover, have included the language he now seeks to add in his Second Amended Complaint or the Third Amended Complaint. He did not. The Court will not reward this kind of "repeated failure to cure deficiencies by amendments previously allowed." *See id.*

Second, and perhaps more importantly, the proposed amendments do not cure the deficiencies, and so must be denied as futile. *See id.* Shukh seeks to add language stating that "because Defendants engaged in discriminatory [and retaliatory] practices with malice or reckless indifference, Dr. Shukh is entitled to punitive damages." But this is the kind of "threadbare recital[] of the elements" devoid of factual enhancement that the Supreme Court has declared to be insufficient. *See Iqbal*, 556 U.S. at 678. Indeed, this addition is very similar to the language the Court rejected as conclusory in *Iqbal*. *See id* at 681. For these reasons, the Court will deny Shukh's request for leave to file a Fourth Amended complaint.

- 12 -

# ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Seagate's Motion to Dismiss or Strike Shukh's Title VII Punitive Damages Claim is **GRANTED** [Docket No. 270].

DATED: July 3, 2012  
at Minneapolis, Minnesota.

                                                  ____s/ John R. Tunheim____  
                                                    JOHN R. TUNHEIM  
                                                 United States District Judge