UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER M. SHUKH,<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY, LLC,<br>SEAGATE TECHNOLOGY, INC.,<br>SEAGATE TECHNOLOGY,<br>UNKNOWN OWNERS AND<br>ASSIGNEES, and SEAGATE<br>TECHNOLOGY PLC,<br><br>Defendants. | Civil No. 10-404 (JRT/JJK)<br><br>**MEMORANDUM OPINION AND<br>ORDER AFFIRMING THE<br>SEPTEMBER 24, 2012 ORDER OF<br>THE MAGISTRATE JUDGE** |

Constantine John Gekas and John C. Gekas, **GEKAS LAW LLP**, 11 South LaSalle Street, Suite 1700, Chicago, IL 60603; James H. Kaster and Katherine M. Vander Pol, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

Calvin L. Litsey, Chad Drown, Charles F. Knapp, David J. F. Gross, Elizabeth Cowan Wright, and Jeya Paul, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402; Sarah E. Benjes, **FAEGRE BAKER DANIELS LLP**, 1700 Lincoln Street, Suite 3200, Denver, CO 80203, for defendants.

Plaintiff Alexander M. Shukh objects to the Magistrate Judge's order denying his motion to modify the amended scheduling order and extend the time to complete discovery. (Order, Sept. 24, 2012, Docket No. 344.) The Court has carefully considered Shukh's timely objections. Because the Court finds that Shukh has had adequate time to

complete discovery, and the Magistrate Judge's conclusions are neither clearly erroneous nor contrary to law, the Court will overrule Shukh's objections.

## BACKGROUND[1]

This case has been the subject of extensive litigation. Shukh filed suit in February 2010, raising numerous claims related to the termination of his employment with Defendants (collectively "Seagate"). In the first year of litigation alone, the parties filed a combined total of twenty motions seeking, among other things, amendments to the complaint, dismissal, summary judgment, a preliminary injunction, surreply briefing, and disqualification of counsel. After a year of litigation, six of Shukh's thirteen claims survived a motion to dismiss, and the Court allowed Shukh's claims based on correction of inventorship for six United States patents, fraud, and employment discrimination to go forward. (Order, Mar. 30, 2011, Docket No. 140.)

On June 28, 2011, United States Magistrate Judge Jeffrey J. Keyes entered a pretrial scheduling order, setting fact discovery to be completed by September 1, 2012, and expert discovery to be completed by November 1, 2012. (Pretrial Scheduling Order, June 28, 2011, Docket No. 185.) Shukh served interrogatories and requests for production of documents to which Seagate timely responded. Seagate has produced documents on a rolling basis, with its largest production being 287,858 pages on

---

[1] The Court recites the facts here only to the extent necessary to rule on Shukh's objections. A more thorough factual background is available in the Court's earlier orders in this case. (*See* Order, Mar. 30, 2010, Docket No. 140; Order, Nov. 30, 2011, Docket No. 242.)

March 23, 2012. (Third Decl. of Jeya Paul ¶ 2, Oct. 22, 2012, Docket No. 357.) Shukh claims that the March 23, 2012 document production was incoherent and included mislabeled tiff files, each containing more than one document. Shukh has not raised any formal objections to Seagate's document production with the Court, nor has he requested that the Court require Seagate to reproduce the documents in a different format. Additionally, Magistrate Judge Keyes has found that all of the documents produced by Seagate in response to Shukh's broad document requests "were produced in the ordinary course." (Third Paul Decl., Ex. A at 12.)

Shortly after discovery commenced, Seagate claimed attorney-client privilege protection of certain documents and testimony sought by Shukh relating to internal Seagate communications regarding inventorship of the patents at issue. Seagate claimed the privilege over 575 invention records and communications, and also asserted the privilege during a deposition, after which Shukh suspended all deposition discovery. Shukh brought a motion to compel production of the materials over which Seagate had claimed privilege. (Am. Mot. to Compel, Oct. 7, 2011, Docket No. 206.)

On December 15, 2011, Magistrate Judge Keyes granted Shukh's motion to compel in part. (Order, Dec. 15, 2011, Docket No. 251.) Magistrate Judge Keyes found a narrow subject-matter waiver of privilege with respect to five invention disclosures Seagate had produced to Shukh, and granted Shukh's motion to compel only with respect to communications related to the subject matter of those invention disclosures. (*Id.* at 2-3.) Shukh filed timely objections to Magistrate Judge Keyes' order. (Pl.'s Objections, Dec. 28, 2011, Docket No. 252.) While those objections were pending before the Court,

Shukh continued to submit additional materials in support of his objections. (*See* Reply, Feb. 9, 2012, Docket No. 285; Letter, Mar. 29, 2012, Docket No. 296.)

In April 2012, Shukh brought a motion seeking a six month extension of the time to complete discovery, citing Seagate's March 23, 2012 document production and the privilege dispute as the bases for such an extension. (Mot. to Modify Scheduling Order, Apr. 2, 2012, Docket No. 299.) Seagate agreed to stipulate to a three month extension. (Opp. to Pl.'s Mot. to Modify Scheduling Order at 6, Apr. 24, 2012, Docket No. 305.) Magistrate Judge Keyes granted Shukh's motion in part, extending the discovery deadlines by three months, setting fact discovery to be completed by December 1, 2012, and expert discovery by February 1, 2013. (Am. Pretrial Scheduling Order, May 2, 2012, Docket No. 309.) Shukh did not appeal Magistrate Judge Keyes' decision.

In June 2012, the Court affirmed Magistrate Judge Keyes' order regarding Shukh's motion to compel the production of documents over which Seagate had asserted privilege. (Order, June 29, 2012, Docket No. 320.) In the order, the Court denied Shukh's request to certify the privilege issue for interlocutory appeal to the Federal Circuit, finding that Shukh had made "no effort whatsoever to satisfy [the] standard" for certifying an interlocutory appeal. (*Id.* at 16.) Shukh then filed a petition for a writ of mandamus with the Federal Circuit, seeking to vacate the Court's order denying in part Shukh's motion to compel the production of privileged documents. (Notice from the USCA for the Federal Circuit, July 23, 2012, Docket No. 326.) The Federal Circuit has since denied Shukh's petition. (Order, Oct. 22, 2012, Docket No. 358.) In denying his petition, the Federal Circuit found that Shukh had not demonstrated that review of the

Court's privilege ruling was an extraordinary situation demanding mandamus relief. Specifically, the Federal Circuit found that Shukh's petition did not raise an important issue of first impression and that "Shukh has not shown that he has no other adequate remedy to attain the desired relief, i.e., he has not shown that he could not raise issues concerning his requests to compel documents within any timely appeal to this court from a final district court decision." (*Id.* at 2.)

On June 29, 2012, Seagate brought a motion for partial summary judgment on Shukh's fraud and correction of inventorship claims. (Mot. for Summ. J., June 29, 2012, Docket No. 313.) This Court held a hearing on September 20, 2012, and Seagate's motion for summary judgment is currently under advisement. (Minute Entry, Sept. 20, 2012, Docket No. 342.)

On September 10, 2012, Shukh brought a motion seeking another modification of the scheduling order to further extend the time to complete discovery. (Mot. to Modify Am. Scheduling Order, Sept. 10, 2012, Docket No. 332.) Shukh provided three grounds in support of his request for a three month extension: Seagate's March 23, 2012 document production; the pending petition for a writ of mandamus related to the privilege issue; and Seagate's partial summary judgment motion pending before the Court. (Pl's Memo. at 1-2, Sept. 10, 2012, Docket No. 333). At the hearing before Magistrate Judge Leung, Shukh also suggested that a petition for a writ of certiorari pending in front of the United States Supreme Court in a different case raised issues related to Shukh's claims and weighed in favor of an extension. (Hr'g Tr. ("Tr.") at 6, Oct. 16, 2012, Docket No. 353.)

Magistrate Judge Leung denied Shukh's motion to amend the scheduling order, finding that Shukh had failed to demonstrate good cause for such an amendment. Specifically, Magistrate Judge Leung rejected each of Shukh's grounds for an extension and found that Shukh's failure to conduct discovery in the time prescribed by the amended scheduling order was his "own strategic decision." (*Id.* at 30.) Shukh filed timely objections, and contends that Magistrate Judge Leung abused his discretion when he determined that none of the bases proffered by Shukh in support of modifying the scheduling order demonstrated good cause.

## ANALYSIS

### I.  STANDARD OF REVIEW

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn*, 254 F.R.D. 554, 556 (D. Minn. 2008) (internal quotation marks omitted).

## II.   AMENDMENT OF SCHEDULING ORDER

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b)(1).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (internal quotations omitted); Fed R. Civ. P. 16(b), advisory committee note (explaining that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").  The "exacting" standard set by Rule 16(b) requires that a moving party first make the requisite good cause showing. *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009).  Even then, however "the district court retains discretion as to whether to grant the motion." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).  Because scheduling orders are "a vehicle designed to streamline the flow of litigation through [the Court's] crowded docket," the Court does not take such orders lightly, and where good cause to modify has not been shown, "will enforce them." *Id.*

### A.   March 23, 2012 Document Production

Magistrate Judge Leung found that Seagate's March 23, 2012 production of over 280,000 documents did not establish good cause to extend the discovery deadline. Magistrate Judge Leung specifically found that the issue of the voluminous March 23, 2012 document production had already been argued to Magistrate Judge Keyes in

Shukh's first motion to modify the scheduling order, and warranted only the original three month extension granted by Magistrate Judge Keyes. (Tr. at 27-28.) Furthermore, in his October 2012 ruling, Magistrate Judge Leung found that Shukh had failed to exercise diligence, explaining that even though the documents had been available since March 2012, "the fact that plaintiff decided . . . to only take one deposition to this point doesn't seem [to indicate] that much progress has occurred on the document analysis." (Tr. at 30.) Shukh objects to Magistrate Judge Leung's conclusion, arguing that due to the volume of documents produced, he has been substantially delayed in preparing for depositions.

This Court concludes that Seagate's March 23, 2012 document production does not provide good cause to extend the discovery deadlines. Shukh has not demonstrated why seven months (from the time the documents were produced until the time Magistrate Judge Leung ruled on the motion to modify the scheduling order) was an insufficient period of time in which to review the documents, and his continued failure to review the documents and conduct depositions demonstrates a lack of diligence. If there were, as Shukh suggests, problems with the manner in which Seagate produced its documents, Shukh should have been diligent in seeking to correct those problems immediately, rather than requesting multiple extensions of the discovery deadlines. *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009) (declining to grant

an extension where the plaintiffs never sought the aid of the court in obtaining adequate responses to their discovery requests).[2]

Additionally, Shukh made an identical argument about the burdensome nature of Seagate's March 23, 2012 document production in his first motion for an amended scheduling order. (Pl.'s Memo. in Supp. of Mot. to Modify Scheduling Order at 1-2, Apr. 17, 2012, Docket No. 302.) Magistrate Judge Keyes agreed that the volume of the March 23, 2012 document production warranted a three month extension to the discovery deadlines, and specifically noted that the three month extension did not foreclose a future extension "if **unforeseen additional** problems arise." (Third Paul Decl., Ex. A at 12 (emphasis added).) In support of his second motion to extend the discovery deadlines, Shukh brought no new facts or unforeseen additional problems to Magistrate Judge Leung's attention which would indicate that the production of documents over seven months ago warrants a further extension. Rather, Shukh's continued failure to review these documents after Magistrate Judge Keyes granted a three month extension in which to do so, demonstrates a lack of diligence. *See Hernandez*, 617 F. Supp. 2d at 495 ("Plaintiffs were already granted an extension of the discovery period for this very reason. That they seek another extension for the exact same reason shows a lack of diligence on Plaintiffs' part." (internal citation omitted)). Accordingly, the Court finds

---

[2] *See also Smith v. BCE Inc.*, 225 Fed. Appx. 212, 217 (5th Cir. 2007) (declining to find good cause to extend a discovery deadline when the party seeking the extension alleged that the opposing party had failed to respond to discovery requests, holding that rather than seeking an extension "[a] diligent party attempts to compel discovery through the presiding court after opposing counsel unjustly refuses to provide responses").

that Magistrate Judge Leung's conclusion that the March 23, 2012 document production did not establish good cause to modify the discovery deadlines in the scheduling order was not clearly erroneous.

### B. Petition for Writ of Mandamus

Magistrate Judge Leung concluded that Shukh's pending petition for a writ of mandamus related to the privilege issue did not establish good cause to modify the scheduling order. Magistrate Judge Leung concluded that the privilege argument had already been addressed to, and considered by, Magistrate Judge Keyes in granting the original three month extension to the discovery deadlines and that Shukh had presented no new evidence establishing good cause for further extension. Magistrate Judge Leung found that Shukh's argument based on privilege provided less basis for modification of the scheduling order in his current motion than it did in his original motion for an extension. In the time between Shukh's two motions for extensions, the privilege issue had become even more final because the Court had affirmed the Magistrate Judge's order. Shukh objects to Magistrate Judge Leung's conclusion, arguing that the uncertainty of the privilege issue has impeded his ability to conduct discovery.

The Court concludes that Shukh's continued failure to conduct depositions consistent with the privilege ruling of Magistrate Judge Keyes that was affirmed by this Court demonstrates a lack of diligence. Shukh has characterized the privileged documents as "relevant to his proof of inventorship and fraud." (Pl.'s Objections at 4, Oct. 8, 2012, Docket No. 350.) Yet Shukh has failed to demonstrate how a pending

petition for a writ of mandamus affected his ability to depose non-Seagate employees unconnected with the privileged documents or conduct discovery relevant to his discrimination claims. Additionally, Shukh has failed to demonstrate good cause for his failure to conduct discovery more generally with respect to non-privileged information. Shukh makes only a sweeping generalization that all of his proposed discovery is so intertwined that no discovery could proceed without a final privilege determination. Shukh's argument misapprehends the fact that there was, at all times since Magistrate Judge Keyes' December 15, 2011 order, a privilege determination governing the case. The Federal Circuit's order denying Shukh's petition for mandamus specifically indicated that "Shukh has not shown that he has no other adequate remedy to attain the desired relief, i.e., he has not shown that he could not raise issues concerning his requests to compel documents within any timely appeal to this court from a final district court decision." (Order at 2, Oct. 22, 2012, Docket No. 358.) In other words, that Shukh may ultimately have grounds for appeal from a final decision of the Court does not constitute good cause to extend discovery deadlines where Shukh has failed to diligently pursue discovery within the confines of the privilege determinations governing this case. Therefore, the Court concludes that Magistrate Judge Leung did not err in concluding that the petition for a writ of mandamus did not establish good cause to modify the scheduling order.

## C. Pending Motion for Partial Summary Judgment

Magistrate Judge Leung also found that Seagate's motion for partial summary judgment pending before the Court did not provide good cause to modify the discovery deadlines. Magistrate Judge Leung characterized Shukh's failure to take discovery as a "strategic decision." (Tr. at 30.) Shukh objects to this conclusion, arguing that he should be allowed to wait and see how the Court will rule on Seagate's motion before incurring discovery costs related to the fraud and correction of inventorship claims which may ultimately be dismissed.[3]

Shukh has not shown that good cause exists to modify the scheduling order due to the pending summary judgment motion. Rather, the "wait and see" approach is a tactical decision, and does not demonstrate diligent pursuit of discovery. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006) (holding that "tactical decision[s]" do not provide good cause to modify case management orders); *cf. Watt v. All Clear Bus. Solutions, LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012) (rejecting as a basis for extending a discovery deadline the plaintiff's assertion that he expected the case to settle prior to the need for incurring the additional costs of deposing an expert, finding "no authority for the proposition that merely hoping for or anticipating settlement and

---

[3] Shukh also seems to suggest that Seagate's motion for summary judgment was in some way improper because it was brought before the close of discovery. Federal Rule of Civil Procedure 56(b) allows a party to move for summary judgment "at any time until 30 days after the close of all discovery." Thus, there was nothing facially improper about the timing of Seagate's motion. Furthermore, the appropriate mechanism to deal with a premature summary judgment motion is not amending the scheduling order, but rather through an affidavit under Fed. R. Civ. P 56(d), which Shukh has submitted in connection with the summary judgment motion and is currently under consideration by the Court.

stipulations excuses [plaintiff's] failure to meet court-ordered deadlines"). That Shukh anticipates the Court may dismiss some of his claims due to Seagate's motion for summary judgment does not provide a good cause basis to extend the discovery deadlines. If Shukh does not wish to conduct the discovery necessary to support his fraud and correction of inventorship claims, he is free to move for their dismissal. Furthermore, Shukh's argument that the resolution of the summary judgment motion will substantially reduce the discovery he expects to take is belied by his argument with respect to privilege that he has been unable to conduct any discovery because discovery for all of his claims is inextricability intertwined. The Court could not find that Seagate's filing of summary judgment caused Shukh to stop conducting discovery, when the record suggests that Shukh was not diligently pursuing discovery before the motion was filed. Because Seagate's pending motion did not establish good cause, the Court concludes that Magistrate Judge Leung did not err in denying Shukh's motion to modify the scheduling order.

### D.  Petition for Writ of Certiorari

Finally, Magistrate Judge Leung found that a pending petition for a writ of certiorari in a separate case did not establish good cause to amend the scheduling order. Shukh argues that the pending petition relates to the legal viability of one of the bases for Shukh's correction of inventorship claim, which basis the Court previously dismissed. Shukh contends that if the Supreme Court grants the petition, and overturns the Federal

Circuit case upon which the Court relied, the current case "will be drastically changed," and Shukh will be required to conduct more discovery.

Shukh has failed to demonstrate that the pending petition establishes good cause for extending the discovery deadline. Scheduling orders would be meaningless indeed if discovery was halted every time there was a mere possibility that, sometime in the future, the Supreme Court would grant a petition for a writ of certiorari which could result in an opinion that might ultimately bear upon some of the legal issues in the case. The link between the pending petition for certiorari and Shukh's ability to conduct discovery is simply too tenuous to establish good cause. Furthermore, Shukh only requested a three month extension to discovery deadlines, suggesting that the petition for certiorari is not a true basis of his motion for an extension. In three months, it is impossible that the Supreme Court, even if it accepted certiorari of the case in question, would have rendered an opinion in the case. As with the privilege determination, after this case is resolved, Shukh is free to appeal the Court's legal determination regarding his correction of inventorship claim. The ability to appeal does not, however, establish good cause to postpone discovery. Therefore, the Court concludes that Magistrate Judge Leung did not err in denying Shukh's motion to modify the scheduling order.[4]

---

[4] Because the Court concludes that Magistrate Judge Leung did not err in finding that Shukh had not shown good cause to extend the discovery deadlines, the Court need not address whether Seagate demonstrated that the extension would cause it to be prejudiced. Magistrate Judge Leung correctly concluded that Seagate did not need to show prejudice in order for Shukh's request to extend the scheduling order to be denied, and properly only relied on prejudice as another, independent reason to deny Shukh's motion. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) ("While the prejudice to the nonmovant

(Footnote continued on next page.)

- 15 -

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 350] and **AFFIRMS** the Magistrate Judge's Order dated September 24, 2012 [Docket No. 344].

DATED: January 3, 2013       _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.      JOHN R. TUNHEIM
     United States District Judge

_____
(Footnote continued.)

resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.").