# EXHIBIT C

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| ALEXANDER M. SHUKH </br>*Plaintiff* </br>v. </br>SEAGATE TECHNOLOGY, LLC, et al. </br>*Defendant* | ) </br> ) </br> ) Civil Action No.  10 CV 404 </br> ) </br> ) (If the action is pending in another district, state where: </br> )      District of Minnesota          ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Christopher H. Bajorek, 120 Clover Way, Los Gatos, CA 95032, c/o Calvin L. Litsey; Charles F. Knapp; Chad Drown, Sarah Benjes; Jeya Paul; FAEGRE BAKER DANIELS LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A - YOU MAY COMPLY WITH THIS SUBPOENA BY DELIVERING COPIES OF THE MATERIALS SUBPOENAED HEREBY TO UNDERSIGNED COUNSEL ON OR BEFORE THE PRODUCTION DATE.
PLEASE CONTACT UNDERSIGNED COUNSEL TO MAKE ARRANGEMENTS FOR THIS PRODUCTION.

| Place: Landi Court Reporters & Video Services, 1292 Lincoln Avenue, San Jose, CA 95125, (408) 279-8590 | Date and Time: </br> 01/17/2013 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  12/28/2012

*CLERK OF COURT*

OR   *[signature]*

_____     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    plaintiff
Alexander M. Shukh                                          , who issues or requests this subpoena, are:
Constantine John Gekas, GEKAS LAW LLP, 11 S. LaSalle St., Suite 1700, Chicago, IL 60603
(312) 726-4501; Fax: (312) 726-4505; Email: CJG@gekaslaw.com

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10 CV 404

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO SUBPOENA TO DR. CHRISTOPHER H. BAJOREK, c/o FAEGRE BAKER DANIELS, LLP, BY PLAINTIFF ALEXANDER M. SHUKH IN *SHUKH V. SEAGATE TECHNOLOGY, LLC, ET AL.*, No. 10-cv-404 (D. Minn.)**

Pursuant to the foregoing Subpoena, you are hereby requested and required to produce the following documents, electronically stored information and other things, within your possession, custody and/or control, or those of any attorney acting or who acted on your behalf:

## DEFINITIONS AND INSTRUCTIONS

1.  "Document" shall have the fullest and broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to, all materials, writings, and records information of every type and description, such as "blue sheets" or any other reports, summaries and/or compilations of customer, employee, and proprietary trading data, periodic account statements of any type, trade confirmations, orders slips, trade blotters, opening account documents, correspondence, emails, text messages, memoranda, tapes, stenographic or handwritten notes, transcripts of any kind whatsoever (including but not limited to transcripts of hearings, testimony, or interview, and all exhibits thereto, witness statements and all exhibits thereto), declarations and all exhibits thereto, affidavits and all exhibits thereto, interviews, spreadsheets, data bases, data or data compilations, studies, publications, brochures, promotional materials, advertisements in any media, books, pamphlets, pictures, films, voice recordings, audiotapes, videotapes, computer disks or diskettes, reports, financial statements, telephone bills or other lists of telephone calls, text messages and/or emails, documents from banks or other financial or credit institutions, including bank statements, credit or debit card statements, wire transfers, checks, deposit slips, charge slips or receipts, calendars, travel records, receipts, confirmations and/or tickets, press releases, registration files and/or applications for registration, membership files, subpoenas and/or investigative demands or requests of any kind, litigation releases or other public statements, and/or other documents of any kind whatsoever. "Document" includes all versions, drafts and copies of every such document whenever any such version, draft or copy of a document is not an identical copy of the original or where such version, draft or copy contains any commentary, notes or markings whatsoever that do not appear on the original.

2.  "Electronically stored information" (ESI) means anything stored or maintained as in electronic, magnetic or computer readable format, and includes, all materials, writings, and records information of every type and description, including but not limited to "blue sheets" or any other reports of customer, employee, and proprietary trading data, periodic account statements of any type, trade confirmations, orders slips, trade blotters, opening account documents, correspondence, emails, text messages, memoranda, tapes, stenographic or handwritten notes, transcripts of any kind whatsoever (including but not limited to transcripts of hearings, testimony, or interview, and all exhibits thereto, witness statements and all exhibits thereto), declarations and all exhibits thereto, affidavits and all exhibits thereto, interviews, spreadsheets, data bases, data or data compilations, studies, publications, brochures, promotional materials, advertisements in any media, books, pamphlets, pictures, films, voice recordings, audiotapes, videotapes, computer disks or diskettes, reports, financial statements, telephone bills or other lists of telephone calls, text messages and/or emails, documents from banks or other financial or credit institutions, including bank statements, credit or debit card statements, wire transfers, checks, deposit slips, charge slips  or receipts, and other documents of any kind whatsoever. ESI includes all versions, drafts and copies of every such thing whenever any such

version, draft or copy of such thing is not an identical copy of the original or where such version, draft or copy contains any commentary, notes or markings whatsoever that do not appear on the original.

3. "Other things" means anything of any kind, character or nature whatsoever, including but not limited to tangible things that do not fall within the terms "documents" and/or "ESI."

4. By these requests, defendant includes all documents, ESI and other things of any kind whatsoever that are or may be within the scope of the Federal Rules of Civil Procedure, including but not limited to Rules 26 and 34.

5. A document or other thing that "relates" to a subject matter means any document or other thing that constitutes, contains, concerns, embodies, responds to, describes, records, regards, refers to, analyzes, or is otherwise pertinent to the subject matter, including, without limitation, documents from which each such document is derived.

6. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request for documents.

7. The documents, electronically stored information and tangible things that you produce for inspection shall be organized as required by Federal Rule of Civil Procedure 34(b)(2)(E).

8. Each request for production of documents contained herein extends to all documents, ESI and other things in your possession, custody or control, and the possession, custody and control of your representatives and agents, including attorneys.

9. With respect to any document withheld on a claim of attorney-client or attorney-work product privilege, or any other privilege or rule or doctrine of confidentiality, provide with your response a list identifying each withheld item of information by date, subject matter, author and recipient(s), and the privilege or rule of doctrine of confidentiality claimed.

10. The obligations under this subpoena are deemed to be continuing in nature pursuant to the Federal Rules of Civil Procedure, so as to require supplementation where appropriate and as required.

11. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request for documents.

12. Each request for production of documents contained herein extends to all documents, and all copies thereof, in your possession, custody or control, and the possession, custody and control of your representatives and agents, including attorneys.

**SUBPOENAED DOCUMENTS, ESI AND OTHER THINGS**

Pursuant to the foregoing Subpoena, you are hereby requested and required to produce the following documents, electronically stored information and other things, within your possession, custody and/or control, or those of any attorney acting or who acted on your behalf:

1. Any and all stock option agreements that were the subject of either or both of the following lawsuits, any notice of exercise by Dr. Christopher H. Bajorek at issue therein, any notice of rescission by or on behalf of IBM; and/or

2

      a.    *International Business Machines Corporation v. Bajorek*, Case No. 97-cv-20204-RMW (N.D. CA.) (San Jose); and/or

      b.    *Bajorek v. International Business Machines Corporation*, Case No. 96-cv-20806-RMW (N.D. CA) (San Jose).

2. Any and all documents, ESI and/or other things relating or pertaining in any way to the disposition or settlement of either or both of those cases, including any documents showing any payments made by Dr. Bajorek to IBM or vice versa.

3. Any and all transcripts of any depositions, and all exhibits thereto, given by Dr. Bajorek in either or both of those cases.

4. Any and all declarations, affidavits or other statements, sworn or unsworn, and all exhibits thereto, given by Dr. Bajorek in either or both of those cases.

5. Any and all expert or other types of reports rendered by Dr. Bajorek in the case entitled *Carnegie Mellon University v. Marvell Technology Group, Ltd. et al.*, Case No. 2:09-cv-00290-NBF (W.D. PA), Hon. Nora Barry Fischer, Presiding.

6. Any and all transcripts of any depositions, and all exhibits thereto, given by Dr. Bajorek in the case entitled *Carnegie Mellon University v. Marvell Technology Group, Ltd. et al.*, Case No. 2:09-cv-00290-NBF (W.D. PA), Hon. Nora Barry Fischer, Presiding.

7. Any and all expert or other types of reports rendered at any time by Dr. Bajorek in any cases, arbitrations or other proceedings, other than any reports called for by the above paragraphs.

8. Any and all transcripts of any depositions in any cases, arbitrations or other proceedings, given by Dr. Bajorek at any time, other than the transcripts called for by the above paragraphs.

                \*    \*    \*    \*

Dated: December 28, 2012

Respectfully submitted,

*/s/ Constantine John Gekas*
Constantine John Gekas
cjg@gekaslaw.com
John C. Gekas
jgekas@gekaslaw.com
GEKAS LAW LLP
11 South LaSalle; Suite 1700
Chicago, Illinois 60603
Tel: (312) 726-4502
Fax: (312) 726-4505

*Attorneys for Plaintiff Alexander M. Shukh.*

3