UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER M. SHUKH, | Civil No. 10-404 (JRT/JJK) |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| SEAGATE TECHNOLOGY, LLC, SEAGATE TECHNOLOGY, INC., SEAGATE TECHNOLOGY, UNKNOWN OWNERS AND ASSIGNEES, and SEAGATE TECHNOLOGY PLC, | |
| Defendants. | |

Constantine John Gekas and John C. Gekas, **GEKAS LAW LLP**, 11 South LaSalle Street, Suite 1700, Chicago, IL 60603; James H. Kaster, Katherine M. Vander Pol, and Cristina Parra Herrera **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

Calvin L. Litsey, Chad Drown, Charles F. Knapp, David J. F. Gross, Elizabeth Cowan Wright, and Jeya Paul, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402; Sarah E. Benjes, **FAEGRE BAKER DANIELS LLP**, 1700 Lincoln Street, Suite 3200, Denver, CO 80203, for defendants.

Plaintiff Alexander M. Shukh filed this action against Defendants Seagate Technology, LLC, Seagate Technology, Inc., Seagate Technology, and Seagate Technology, PLC (collectively, "Seagate"), bringing numerous claims arising out of Seagate's employment and termination of Shukh. In particular, Shukh brought a claim for fraud based upon Seagate's filing of patent applications from which Shukh alleges he was wrongfully omitted as an inventor. Seagate also brought a counterclaim, alleging

that Shukh breached his employment contract when he removed confidential documents from Seagate. This matter is now before the Court on Shukh's motion for partial summary judgment on (1) his fraud claim; and (2) the damages portion of Seagate's breach of contract counterclaim.

On June 29, 2012, Seagate moved for summary judgment on Shukh's fraud claim. After full briefing, a hearing on the motion, and two rounds of surreply briefing requested by Shukh, the Court granted Seagate's motion. (Order, Mar. 25, 2013, Docket No. 439.) Shortly before the Court issued the order granting summary judgment in Seagate's favor, Shukh filed the present motion for summary judgment on all but the damages element of his fraud claim. (Mot. for Summ. J., Mar. 7, 2013, Docket No. 426.)

Although Shukh agrees that his motion for summary judgment on his fraud claim is moot in light of the Court's March 25 Order, he "objects" to the denial of his motion. Shukh argues that he is entitled to summary judgment as requested because the Court did not consider the merits of and rule upon his motion in its order addressing Seagate's motion for summary judgment on the same claim. Shukh has pointed to no authority, and the Court has found none, which requires the Court to rule simultaneously upon motions filed nine months apart. Instead, the Court properly exercised its authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Furthermore, Shukh is incorrect to suggest that by not ruling on the summary judgment motions simultaneously the Court failed to create an adequate appellate record on Shukh's arguments regarding his fraud claim. In support of his motion for summary judgment on his fraud claim Shukh makes two main arguments. First, Shukh argues that

he reasonably and justifiably relied upon Seagate's representations. Second, Shukh argues that Seagate committed fraud when it failed to notify the United States Patent and Trademark Office that Shukh disputed inventorship of various inventions for which Seagate had filed patent applications. The Court addressed both of these arguments in its March 25 Order. With respect to his first argument, the Court concluded that Shukh's arguments about the reasonable and justifiable nature of any reliance were correct, but beside the point, because he presented no evidence of actual reliance. (Order at 35 n.19.) The Court also rejected Shukh's second argument, finding that Shukh had not pled the version of the fraud claim he now seeks to rely upon in his motion for summary judgment. (*Id.* at 34 n.18.) After considering these specific arguments and the parties' other arguments regarding Shukh's reliance, the Court found that Shukh had not raised a genuine issue of material fact with respect to the reliance element of his fraud claim. (*Id.* at 35-37.) Because the Court has granted summary judgment and dismissed Shukh's fraud claim with prejudice, it will deny his motion for summary judgment on that claim as moot. *See Minn. Voters Alliance v. Ritchie*, 890 F. Supp. 2d 1106, 1118 (D. Minn. 2012) ("Because the Court grants the motions to dismiss, the Court denies as moot Plaintiffs' motion for summary judgment.").

Finally, Shukh moves for summary judgment with respect to the damages portion of Seagate's counterclaim for breach of contract. The Court previously granted summary judgment in favor of Seagate on its breach of contract counterclaim and ordered Shukh to return Seagate's documents. (Order at 20-21, Nov. 30, 2011, Docket No. 242.) As part of its breach of contract counterclaim, Seagate also requested monetary damages – an issue the parties did not address in connection with the Court's November 30 Order.

Seagate has now agreed to withdraw its request for monetary damages for Shukh's breach of contract. (Defs.' Opp. to Mot. for Summary J. at 3, Mar. 28, 2013, Docket No. 441.) Once a motion for summary judgment has been filed, a claim may not be voluntarily dismissed without a court order, and then only "upon such terms and conditions as the court deems proper." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citing Fed. R. Civ. P. 41(a)(1)(i)). The Court concludes that dismissal with prejudice is appropriate here, and therefore will grant Shukh's motion and dismiss Seagate's request for monetary damages in connection with its breach of contract counterclaim.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Docket No. 426] is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's motion for summary judgment with respect to his fraud claim (Count V) is **DENIED as moot**.

2. Plaintiff's motion for summary judgment with respect to Seagate's request for monetary damages in connection with its breach of contract counterclaim is **GRANTED**. The claim for monetary damages is **DISMISSED with prejudice**.

DATED: July 3, 2013  
at Minneapolis, Minnesota.

                                                 ____s/ John R. Tunheim____  
                                                 JOHN R. TUNHEIM  
                                                United States District Judge