## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER M. SHUKH, | Civil No. 10-404 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR MODIFICATION OF COST JUDGMENT** |
| SEAGATE TECHNOLOGY, LLC, SEAGATE TECHNOLOGY, INC., SEAGATE TECHNOLOGY, UNKNOWN OWNERS AND ASSIGNEES, and SEAGATE TECHNOLOGY PLC, | |
| Defendants. | |

Constantine John Gekas, **GEKAS LAW LLP**, 33 North LaSalle Street, Suite 2220, Chicago, IL 60603; and James H. Kaster and Cristina Parra Herrera, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

Calvin L. Litsey, Chad Drown, Charles F. Knapp, and Elizabeth Cowan Wright, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402; and Sarah E. Benjes, **FAEGRE BAKER DANIELS LLP**, 1700 Lincoln Street, Suite 3200, Denver, CO 80203, for defendants.

Plaintiff Alexander M. Shukh filed this action in February 2010 against Defendants Seagate Technology, LLC, Seagate Technology, Inc., Seagate Technology, and Seagate Technology, PLC (collectively, "Seagate"), alleging numerous claims arising out of Shukh's ten-year employment with, and termination from, Seagate. On March 31, 2014, after years of litigation, the Court granted Seagate's motion for summary judgment,

dismissing Shukh's then-remaining claims and entering final judgment in Seagate's favor.  Shukh now brings a motion for review and modification of a cost judgment in the amount of $21,799.67, entered by the Clerk of Court in favor of Seagate, seeking a reduction of $8,861.92 in that judgment.  The Court will grant Shukh's motion to the extent it seeks reduction of deposition costs for $552.15 expended to obtain additional copies of deposition exhibits.  Because Shukh's other objections fail to show that the award of costs is inequitable under the circumstances, the Court will deny the remainder of Shukh's motion.

## BACKGROUND

This "case has been the subject of extensive litigation spanning four years, involving nineteen hearings before the Court, more than fifty Court orders, and over 500 docket entries." *Shukh v. Seagate Tech., LLC*, Civ. No. 10-404, 2014 WL 1281518, at *1 (Mar. 31, 2014).  On March 31, 2014, the Court granted Seagate's motion for summary judgment, which sought summary judgment on the four claims that remained out of the thirteen claims originally asserted by Shukh in his February 2010 complaint.  *See id.* at *1, *28.  The following day, the Court entered a final judgment in Seagate's favor.  (J., Apr. 1, 2014, Docket No. 515.)

On May 1, 2014, Seagate filed a bill of costs seeking $22,876.97 in costs associated with fees to the Clerk ($100), fees for printed or electronically recorded deposition transcripts ($21,003.42), and fees for photocopies necessarily obtained for use

in the case ($1,773.55).  (Bill of Costs, May 1, 2014, Docket No. 520.)[1]  Seagate also

provided an accompanying declaration and exhibits itemizing the costs and including

invoices for the claimed expenses.  (Third Decl. of Charles F. Knapp, Ex. A, May 1,

2014, Docket No. 521.)

Shukh filed timely objections to Seagate's bill of costs, seeking a reduction of

$12,154.42 in the claimed costs.  (Objections at 6, May 14, 2014, Docket No. 523.)

Specifically, Shukh objected to (1) Seagate's costs for both stenographic transcripts and

video recordings of Shukh's deposition on the basis that Seagate could recover for only

one of those costs (*id.* at 2); (2) deposition charges for witnesses Bajorek, Gao, and

Vas'ko on the basis that the invoices for those depositions were insufficiently detailed to

ascertain whether all of the claimed costs were recoverable (*id.* at 3-4); (3) costs for

Shukh's depositions of Seagate's experts – Bajorek and Heitzman – and Seagate's

depositions of Shukh's experts – Besikof, Grochowski, and Lahmeyer – as these

depositions were investigative and were not used in dispositive motions or at trial (*id.* at

4-5); and (4) costs for photocopying expenses incurred in creating courtesy copies for the

Court (*id.* at 5).

In response, Seagate reduced its request for costs related to the depositions of

Bajorek, Gao, and Vas'ko by $1,077.30, conceding that the initial request based on

general, non-itemized invoices contained certain unrecoverable costs.  (Resp. to Pl.'s

Objection to Bill of Costs at 6, May 21, 2014, Docket No. 527.)  Therefore, Seagate

---

[1] Seagate originally filed a bill of costs on April 30, 2014 seeking an identical award of costs, but that bill of costs was denoted as having been filed in error, and therefore has no bearing on the Clerk's or the Court's consideration of Seagate's request for costs.

revised its bill of costs, seeking recovery of $21,799.67.  (*Id.*; *see also id.*, Ex. 1 at 7.)  On

June 6, 2014, the Clerk of Court entered a judgment, taxing costs in the amount of

$21,799.67 against Shukh.  (Cost J., June 6, 2014, Docket No. 528.)  The Clerk noted that

with respect to the fees for deposition transcripts and the fees for photocopies Seagate

had provided "[s]ufficient documentation and explanation" to justify the award.  (*Id.*,

Ex. 1.)  Shukh has now filed a motion for review and modification of the cost judgment

pursuant to Local Rule 54.3(c)(3) seeking a reduction in awarded costs of $8,861.92.

(Mot. for Review of Taxation of Costs, June 20, 2014, Docket No. 531; Mem. in Supp. of

Mot. for Review of Taxation of Costs at 2, June 20, 2014, Docket No. 532.)

## ANALYSIS

## I.    STANDARD GOVERNING COST JUDGMENTS

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these

rules, or a court order provides otherwise, costs – other than attorney's fees – should be

allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Upon the filing of a verified

bill of costs by the prevailing party, the Clerk of Court is authorized to tax certain costs

against the losing party.  *Id.*; D. Minn. LR 54.3(c)(1), (2).  These costs include, among

others, "[f]ees for printed or electronically recorded transcripts necessarily obtained for

use in the case," and "[f]ees for exemplification and the costs of making copies of any

materials where the copies are necessarily obtained for use in the case."  28 U.S.C.

§ 1920.  "Section 1920 imposes rigid controls on cost-shifting in federal courts, and

absent explicit statutory or contractual authorization for the taxation of the expenses [in

question], federal courts are bound by the limitations set out in section 1920." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation marks omitted). Within fourteen days after the Clerk taxes costs, a party may seek review of the Clerk's cost judgment with the Court.  D. Minn. LR 54.3(c)(3)(A).

"A prevailing party is presumptively entitled to recover all of its costs," *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (internal quotation marks omitted), and "[t]here is no requirement under Rule 54 that a district court provide a detailed review or analysis of every item of cost it awards," *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 896-97 (8th Cir. 2009).  Furthermore "[w]hen an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462, 468 (8th Cir. 2000)).  "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Id.* (quoting *In re Paoli*, 221 F.3d at 462-63); *cf. 168th & Dodge, LP*, 501 F.3d at 958 (explaining in the context of appellate review of a cost judgment that "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion" (internal quotation marks omitted)).

## II.    INCOMPLETE DOCUMENTATION & DEPOSITION EXHIBITS

Seagate sought and was awarded $1,797.35 for the deposition of Bajorek, $493.85 for the deposition of Gao, and $482.25 for the deposition of Vas'ko.  (Resp. to Pl.'s Objection to Bill of Costs, Ex. 1 at 2.)  Shukh objects to the award of costs for these depositions on two grounds.  First, Shukh argues that Seagate did not provide detailed invoices in its initial bill of costs, providing such documentation only in response to Shukh's objections to the bill of costs.  Shukh contends that he therefore "did not have the opportunity to rebut [the claimed expenses in those invoices] before the Clerk entered the Cost Judgment" and that this is "an inequity in and of itself."  (Mem. in Supp. of Mot. for Review of Taxation of Costs at 4.)  Second, Shukh contends that even if these costs are allowed generally, Seagate's costs for these depositions include costs for exhibits, scanning of exhibits, CDs, and expedited handling, which should not be recoverable. (*Id.*)  Shukh argues that Seagate's recovery should be limited to (1) $617.80 for Bajorek, representing an original transcript of only the deposition itself (not the accompanying exhibits) and one copy, (2) $464.80 for Gao, representing on original transcript, and (3) $473.00 for Vas'ko representing an original transcript of only the deposition itself (not the accompanying exhibits) and one copy.  (*Id.*)

With respect to Shukh's first objection based on the inequity resulting from Seagate's failure to produce itemized invoices in connection with its initial bill of costs, the Court will decline to disallow costs for these depositions on this basis because Shukh has failed to demonstrate that he was denied a full opportunity to review and object to Seagate's claimed costs.  Courts have considered the merits of fee requests, even where

detailed invoices were not provided until after the losing party objected to the lack of specificity in the fee request. *See Parish v. Siemens Med. Solutions USA, Inc.*, Civ. No. 08-622, 2011 WL 1098966, at *1 (E.D.N.C. Mar. 15, 2011) (considering the prevailing party's itemized invoices produced in response to objections that it had "failed to produce an itemized court reporter's invoice" for two depositions for which costs were claimed); *EEOC v. Con-Way Freight, Inc.*, Civ. No. 07-1638, 2010 WL 577289, at *2 (E.D. Mo. Feb. 11, 2010) (considering itemized invoice of a deposition submitted in reply to the other party's objection that the originally submitted invoice "fails to itemize all the charges").[2] Here, Seagate provided itemized invoices in response to Shukh's objections, and Shukh was provided with the opportunity to raise specific objections to those invoices by filing the present motion. Accordingly, the Court concludes that no inequity will result from its award of costs based on the itemized invoices.

---

[2] The cases cited by Shukh apparently in support of the proposition that failure to document claimed costs requires that those costs be disallowed are not to the contrary. For example, Shukh cites *New Leadership Committee v. Davidson*, 23 F. Supp. 2d 301 (E.D.N.Y. 1998). In that case the court noted that a prevailing party is required to "provide sufficiently specific documentation" in order to recover costs, but specifically allowed the prevailing party fourteen days from the date of the order to "supplement" the insufficiently detailed documentation. *Id.* at 311-12. Therefore, *New Leadership Committee* actually supports the Court's conclusion here – that an initial failure to produce detailed invoices is not a basis for disallowance of costs where more detailed submissions are later provided to the court. The other cases cited by Shukh both involved situations where costs were disallowed after a party failed to provide sufficiently detailed documentation supporting costs, but neither addressed the situation presented here where the prevailing party has, in fact, provided detailed submissions to the Court, albeit not in its first submission of costs to the Clerk. *See Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685-86 (S.D. Fla. 2009) (denying requested costs where defendants provided "insufficient detail and documentation" of their costs); *UNI-Sys., Inc. v. Delta Air Lines, Inc.*, Civ. No. 96-973, 2002 WL 505914, at *2 (D. Minn. Mar. 28, 2002) (disallowing expenses on a motion to amend the clerk's cost judgment where "Plaintiff has provided no break-down of expenses or documentation").

Shukh's second objection is directed at Seagate's request for costs associated with obtaining copies of the exhibits produced in connection with the depositions.  The cost judgment awarded Seagate costs for a certified transcript, scanning of exhibits, and copying of exhibits for Bajorek's deposition, and costs for a certified transcript and scanning of exhibits for Gao's and Vas'ko's depositions.  (Resp. to Pl.'s Objections to Bill of Costs, Ex. 1 at 2, 8-10.)[3]  Generally "costs for copies of deposition exhibits are recoverable to the same extent as their corresponding depositions." *Cowden v. BNSF Ry. Co.*, Civ. No. 08-1534, 2014 WL 107844, at *2 (E.D. Mo. Jan. 3, 2014); *see also Delgado v. Hajicek*, Civ. No. 07-2186, 2009 WL 2366558, at *4 n.3 (D. Minn. July 30, 2009) (allowing recovery for photocopies of deposition exhibits made by the court reporters); *Bunda v. Potter*, Civ. No. 03-3102, 2006 WL 266513, at *8 (N.D. Iowa Jan. 31, 2006) (noting that costs allowed for taxable depositions include "costs of copies of papers obtained as exhibits in the deposition" (internal quotation marks omitted)). Here, the only costs that Seagate seeks in addition to the certified transcript are costs for copies of the exhibits associated with those transcripts.  The Court concludes that these costs are allowable because the exhibits themselves are part of the record of the depositions.  *See Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, Civ. No. 10-910, 2013

---

[3] Specifically, Seagate's request for $1,797.35 in connection with Bajorek's deposition is comprised of the line items for certified transcript ($592.80), a certificate fee ($5.00) scanning of exhibits ($647.40), exhibits ($546.15), and exhibits - - color ($6.00).  (Resp. to Pl.'s Objections to Bill of Costs, Ex. 1 at 8.)  Seagate's request for $493.85 in connection with Gao's deposition is comprised of the line items for certified transcript ($464.80), certificate fee ($5.00) and scanning of exhibits ($24.05).  (*Id.*, Ex. 1 at 9.)  Seagate's request for $482.25 in connection with Vas'ko's deposition is comprised of the line items for certified transcript ($448.00), certificate fee ($5.00), and scanning of exhibits ($29.25).  (*Id.*, Ex. 1 at 10.)

WL 1192947, at *5 (E.D. Va. Mar. 21, 2013) (concluding that "the exhibits associated with a deposition are properly considered part of the record of that deposition" and costs associated with obtaining those exhibits could therefore be taxed). Therefore Shukh has not demonstrated that an award of such costs would be inequitable under these circumstances.[4]

The Court will, however, reduce Seagate's costs by $552.15 in connection with Bajorek's deposition, which represents costs for "Exhibits" ($546.15) and "Exhibits - - color" ($6.00) which appear to be for a physical copy of exhibits in addition to the electronic copy of exhibits associated with the cost of "Scanning of exhibits." (Resp. to Pl.'s Objections to Bill of Costs, Ex. 1 at 8.) "Exhibits" were not ordered in Gao's or Vas'ko's deposition – instead only scanned exhibits were ordered – (*see id.*, Ex. 1 at 9-10) suggesting that they were extra copies of the exhibits that were not necessary for the litigation with respect to the Bajorek deposition, but were created merely for the convenience of counsel. *See Parish*, 2011 WL 1098966 at *2 (disallowing costs for "an **additional** copy of the exhibits" in connection with a deposition (emphasis added)). Accordingly, the Court will allow the requested costs of $493.85 for Gao's deposition

---

[4] Contrary to Shukh's contention, although Seagate incurred costs for condensed transcripts and CD copies of the depositions, Seagate has not sought to recover those costs, which courts have generally disallowed on the basis that such copies are obtained primarily for counsel's convenience. *See Chism v. New Holland N. Am., Inc.*, Civ. No. 07-150, 2010 WL 1961179, at *4 (E.D. Ark. May 13, 2010) (noting that "courts have rejected awarding the expense of obtaining depositions in multiple electronic formats, absent a showing of some necessity"). Nor has Seagate sought to recover costs it paid for linking of exhibits or expedited delivery. *See Franklin v. Pinnacle Entm't, Inc.*, Civ. No. 12-307, 2014 WL 1356126, at *1 (E.D. Mo. Apr. 7, 2014) (noting that "[c]osts associated with delivery of transcripts are not recoverable under § 1920(2)" (citing *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)); *Clark v. Baka*, Civ. No. 04-477, 2011 WL 2881710, at *3 (E.D. Ark. July 19, 2011) (denying costs for "expediting transcripts" and "processing and delivery charges").

and $482.25 for Vas'ko's deposition, but will reduce the request of $1,797.35 for Bajorek's deposition by $552.15, resulting in a taxable cost of $1,245.20.

### III.   SHUKH'S DEPOSITIONS OF SEAGATE'S EXPERTS

Shukh next objects to the costs associated with the depositions he took of Seagate's experts – Bajorek and Heitzman – for which Seagate obtained transcripts. Shukh contends that he intended these depositions to be "solely for the purposes of investigation" and therefore the costs are not recoverable.  (Mem. in Supp. of Mot. for Review of Taxation of Costs at 5.)   The Eighth Circuit has held that "[e]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 890 (8th Cir. 2006) (alteration and internal quotation marks omitted); *see also Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975).  In other words "depositions that merely assist discovery or that are purely investigatory in nature are not taxable, but transcripts that are used in a court proceeding or that are deemed reasonably necessary to the parties at the time they are taken can be taxable." *Superior Seafoods, Inc. v. Hanft Fride*, Civ. No. 05-170, 2011 WL 6218286, at *1 (D. Minn. Nov. 21, 2011), *report and recommendation adopted by* 2011 WL 6218000 (D. Minn. Dec. 14, 2011).  Generally, courts allow the prevailing party to recover the costs for depositions noticed and taken by the losing party.  *See Farnsworth v. Covidien, Inc.*, Civ. No. 08-1689, 2010 WL 2160900, at *3 (E.D. Mo. May 28, 2010) (overruling plaintiff's objections to defendant's requested costs for a

deposition because "it was reasonable to believe that the deposition was necessary at the time it was taken because Plaintiff was the one who requested the deposition"); *see also SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, Civ. No. 10-122, 2013 WL 5934141, at *2 (W.D. Ky. Nov. 5, 2013) (finding "that the fees requested by Defendants for the costs of the transcript copies of defense witnesses are properly taxable . . . . In the present case, the Plaintiffs noticed the depositions in question. Once Plaintiffs took the depositions, it would be reasonably necessary for Defendants to obtain a copy of the transcript.").

Shukh noticed and took depositions of Bajorek and Heitzman – two of Seagate's experts. Shukh then brought motions to exclude those experts. (Mot. to Bar Expert Report & Test. of Bajorek, Feb. 1, 2013, Docket No. 413; Mot. to Exclude Expert Test. & Report of Heitzman, Apr. 19, 2013, Docket No. 480.)[5] In responding to these motions both Shukh and Seagate relied upon the depositions of those experts. (*See, e.g.*, Fifth Decl. of Jeya Paul ¶ 9, Ex. 8, Feb. 15, 2013, Docket No. 425 (producing Bajorek's deposition); Seagate's Opp'n to Mot. to Bar Expert Report & Test. of Heitzman at 4 &

---

[5] Shukh argues that his motion to exclude the expert report and testimony of Bajorek was not a *Daubert* motion because it was based upon his argument that Bajorek's testimony and report should be excluded for failure to make timely disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B)(v). (Mem. in Supp. of Mot. to Bar Expert Report & Test. of Bajorek at 1, Feb. 1, 2013, Docket No. 414.) Shukh therefore argues that the deposition transcript used in this motion is not properly taxable because it was not a dispositive motion. But Shukh has cited, and the Court has located, no authority for the proposition that deposition costs can be taxed only where the transcript is used in a dispositive motion. Instead, the relevant inquiry under Eighth Circuit precedent is whether the deposition was reasonably necessary to the litigation, as measured from the time the deposition was taken. *See Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). Therefore, whether the motion to exclude Bajorek could properly be characterized as dispositive or nondispositive is not relevant to the Court's determination of costs.

n.3, May 10, 2013, Docket No. 494 (citing Heitzman's deposition produced by Shukh).)

The Court ultimately denied Shukh's motion with respect to Bajorek (Mem. Op. & Order,

Sept. 30, 2013, Docket No. 512), and denied the motion with respect to Heitzman as

moot, after granting summary judgment in favor of Seagate, (Mem. Op. & Order,

Mar. 31, 2014, Docket No. 514).

Seagate's request for costs associated with the depositions of its experts is

supported by at least two, independent reasons. First, Seagate reasonably needed a copy

of the experts' depositions after Shukh took those depositions. *See Cowden*, 2014 WL

107844 at *3 ("The Court finds Plaintiff reasonably needed a copy of Cordray's

deposition. After Defendant took Cordray's deposition, Plaintiff needed to learn its

contents."). Second, because Seagate used the depositions in defending against Shukh's

motions to exclude its experts, the Court concludes that obtaining transcripts of these

depositions was reasonably necessary to the litigation, and will therefore allow the costs.

*See Luster v. Vilsack*, Civ. No. 08-2399, 2011 WL 4479199, at *3 (D. Colo. Sept. 26,

2011) (finding it reasonably necessary for defendant to order transcripts of depositions

taken of his experts where "[d]efendant could anticipate that he would need transcripts in

order to oppose the[] exclusion" of his experts); *see also Youssef v. FBI*, 762 F. Supp. 2d

76, 86 (D.D.C. 2001) ("[I]t is appropriate to tax costs for depositions that are used by a

party to support a motion for summary judgment or other substantive motions made to

the court in connection with the case.").

Shukh argues that because the Court never actually resolved the motion to exclude

Heitzman on the merits "it would be quite inequitable to grant Seagate costs for a

deposition used in briefing a meritorious motion that was never decided and was therefore not dispositive of anything." (Mem. in Supp. of Mot. for Review of Taxation of Costs at 6-7.)  But Shukh's argument misapprehends the nature of cost judgments. Seagate was not required to proceed in defending itself against a motion to exclude its expert without a transcript of her deposition based on the hope that it would later prevail on a motion for summary judgment and therefore render the motion to exclude moot. The question of reasonable necessity for a deposition transcript is not a test based on hindsight. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) ("[W]e do not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case." (internal quotation marks omitted)).  Instead, the test for whether a deposition transcript is reasonably necessary "must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.  In other words, the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (citation and internal quotation marks omitted).  Here, it was reasonable for Seagate to acquire the transcripts of depositions taken of its own experts and use those transcripts to defend itself against motions to exclude those experts.  That the merits of one of those motions were mooted by the Court's other rulings does not change the reasonable necessity that existed at the time Seagate acquired the transcripts.  Therefore, the Court concludes that Shukh has failed to demonstrate that it would be inequitable to award costs for the depositions of

Bajorek and Heitzman, and will deny his motion to the extent he requests modification of the cost judgment on this ground.

## IV.   SEAGATE'S DEPOSITIONS OF SHUKH'S EXPERTS

Shukh similarly objects to the costs awarded with respect to depositions of three of Shukh's experts that were taken by Seagate.  Shukh argues that none of these depositions were used in dispositive motions or at trial.  Shukh acknowledges that Seagate brought motions to exclude two of these experts, but argues that "those two Motions were never decided on the merits and were denied as moot.  In any event, both those Motions were entirely wrong, and award of the costs of depositions for ill-founded and undecided Motions that were never decided would be entirely inequitable." (Mem. in Supp. of Mot. for Review of Taxation of Costs at 7.)  More generally, Shukh contends "[t]here is, of course, an additional and substantial inequity in awarding these expert deposition costs against Dr. Shukh.  Simply put, those depositions were a complete waste of time and money because this case was resolved on factual issues completely unrelated to these expert opinions." (*Id.* at 8.)

But Shukh's reasons for exclusion of costs associated with depositions of his experts again focus on the necessity of those depositions in hindsight, which, as explained above, is not the relevant inquiry for purposes of determining necessity.  Shukh designated these three witnesses as experts that would provide testimony at trial.  Seagate subsequently noticed and took depositions of these experts, which depositions it used in filing two motions to exclude and in support of its motion for summary judgment.  (Mot.

to Exclude Expert Test. & Ops. of Lahmeyer, Mar. 29, 2013, Docket No. 443; Mot. to Exclude Expert Test. & Ops. of Grochowski, Mar. 29, 2013, Docket No. 448; Mem. in Supp. of Mot. for Summ. J. at 3, 20, Apr. 1, 2013, Docket No. 467.) Therefore, although ultimately the case was resolved without a trial or the necessity of deciding the motions to exclude on the merits, it was reasonable for Seagate to conclude that these depositions were reasonably necessary to the litigation at the time they were taken. *See Rahlf v. Mo-Tech Corp.*, Civ. No. 08-4846, 2010 WL 1427290, at *1 (D. Minn. Apr. 9, 2010) (finding that a deposition of plaintiff's expert witness was necessary to defendant's "defense of this case" even where the depositions were not cited in defendant's motion for summary judgment, and allowing costs associated with that deposition); *Youssef*, 762 F. Supp. 2d at 86 (explaining that where witness was identified by losing party as "an expert witness who might testify at trial . . . Defendants had a clear reason to depose him"). Accordingly, the Court will deny Shukh's motion to the extent it seeks reduction of costs associated with these depositions.

## V.    COURTESY COPIES

Finally, Shukh objects to Seagate's photocopying costs in the amount of $1,773.55 incurred in making courtesy copies of various motion papers for the Court. Shukh argues that these expenses should not be allowed as they are not recoverable under 28 U.S.C. § 1920. "Expenses for photocopies 'necessarily obtained for use in the case' are recoverable by the prevailing party as costs." *Concord Boat Corp.*, 309 F.3d at 498 (quoting 28 U.S.C. § 1920(4)). Courts in this District, and other district courts in the

Eighth Circuit, have generally allowed a prevailing party to tax costs for photocopies associated with courtesy copies. *See, e.g.*, *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, Civ. No. 10-14, 2011 WL 6740337, at *6 (D. Minn. Dec. 22, 2011) (allowing costs of providing "courtesy copies to chambers"); *Marez v. Saint-Gobain Containers, Inc.*, Civ. No. 09-999, 2011 WL 1930706, at *16 (E.D. Mo. May 18, 2011) (allowing costs for courtesy copies because the court "specifically requested a courtesy copy" and such copies were therefore "necessarily obtained for use in the case").[6] Courts have allowed such costs recognizing that those photocopies are required by the court, and therefore are obtained not for the convenience of the parties, but for use in the case. *See Porter v. McDonough*, Civ. No. 09-2526, 2011 WL 821181, at *3 (D. Minn. Mar. 2, 2011) (allowing recovery of costs for courtesy copies to the court which were required by the Local Rules); *see also PNC Bank, Nat'l Ass'n v. El Tovar, Inc.*, Civ. No. 13-1073, 2014 WL 1648747, at *10 (E.D. Mo. Apr. 23, 2014) ("Because the undersigned requires

---

[6] At least one opinion from this District stated that prevailing parties "may not recover the photocopying expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not copies of papers necessarily obtained for use in the case." *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093 (D. Minn. 1999) (internal quotation marks omitted). *Sphere Drake* did not, however, deal specifically with the issue of courtesy copies, and in fact allowed costs to be taxed for photocopying charges associated with trial exhibits and summary judgment exhibits, *id.* at 1094, suggesting that it was not endorsing a rigid rule excluding from costs all photocopies provided to the Court. Shukh additionally relies on *Uni-Systems, Inc. v. Delta Air Lines, Inc.*, Civ. No. 96-973, 2002 WL 505914 (D. Minn. Mar. 28, 2002) for the proposition that courtesy copies are not costs properly taxable to the losing party. But in *Uni-Systems* the court was not confronted with the issue of costs for courtesy copies, and instead denied the request for costs because plaintiff had marked its costs only as "photocopying costs", and the court therefore could not "determine for what purpose these copies were made." *Id.* at *3.

that parties provide it with a paper courtesy copy of all dispositive motions and supporting materials, the copies were necessarily obtained for use in the case and their cost will be taxed.").[7]  The rules of this Court require an attorney filing a motion, response, or reply brief to "also provide two (2) paper courtesy copies of the motion and all supporting documents (affidavits and exhibits) to the Judge hearing the motion." *Electronic Case Filing Procedures* at 6 (July 2014).[8]  Accordingly, the Court concludes that Seagate's expenses incurred in supplying such courtesy copies was necessary for use in this case, and Shukh has not demonstrated any inequity in allowing the costs.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Review and Modification of the Cost Judgment [Docket No. 531] is **GRANTED in part** and **DENIED in part** as follows:

---

[7] Numerous other courts have also allowed costs to be taxed for the preparation of courtesy copies. *See, e.g.*, *Adams v. City of Montgomery*, Civ. Nos. 11-1122, 12-523, 2014 WL 3053343, at *2-3 (M.D. Ala. July 7, 2014); *Walker v. Mod-U-Kraf Homes, LLC*, Civ. No. 12-470, 2014 WL 2450118, at *3 (W.D. Va. May 30, 2014); *Wiercioch v. Verizon Fla., LLC*, Civ. No. 11-2129, 2013 WL 1442060, at *2 (M.D. Fla. Apr. 9, 2013); *Pugh v. Bd. of Educ. of the City of Chicago*, Civ. No. 10-4115, 2012 WL 5199629, at *4 (N.D. Ill. Oct. 22, 2012); *Peacock v. Carpedia Int'l, Ltd.*, Civ. No. 10-2273, 2012 WL 4829381, at *5 (S.D. Tex. Oct. 10, 2012); *Shlikas v. Sallie Mae, Inc.*, Civ. No. 06-2106, 2011 WL 5825660, at *2 (D. Md. Nov. 16, 2011); *Black v. City & Cnty. of Honolulu*, Civ. No. 07-299, 2010 WL 653026, at *22 (D. Haw. Feb. 22, 2010).  *But see Vuona v. Merrill Lynch & Co.*, Civ. No. 10-6529, 2013 WL 1971572, at *6 (S.D.N.Y. May 14, 2013) (disallowing costs for courtesy copies based on local rule); *Angiolillo v. Bates*, Civ. No. 08-606, 2010 WL 916377, at *8 (M.D. Fla. Mar. 11, 2010) (same)

[8] Available at http://www.mnd.uscourts.gov/cmecf/guides/Civil-ECF-Procedures-Guide.pdf

1.      The motion is **GRANTED** to the extent it requests a reduction in the costs claimed in connection with the deposition of Bajorek.  The requested amount of costs for that deposition is reduced by $552.15, resulting in taxable costs of $1,245.20.

2.      The motion is **DENIED** in all other respects.

3.      The Cost Judgment [Docket No. 528] is hereby reduced by $552.15, resulting in a total cost judgment $21,247.52.  Costs are therefore taxed against Plaintiff in the amount of $21,247.52.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   September 2, 2014                        ___s/ John H. Tunheim___
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge